## McDONALD v. McKINNEY NURSERY CO.

No. 3179. Opinion Filed September 22, 1914.

(143 Pac. 19.)

1. **CONTRACTS—Execution—Knowledge of Contents—Presumption.** It is **prima facie** negligence to execute an obligation in writing without first ascertaining its terms by reading or having the same read, which precludes relief therefrom upon the ground of ignorance of such terms and mistake in executing such writing; and, in the absence of evidence of a sufficient excuse to exonerate from negligence in failure to so ascertain the terms of such writing, one executing the same is presumed to have known such terms, and is bound thereby.

2. **SAME—Failure to Read—Excuse—Question for Jury.** The mere fact that one's eyes are not very strong, and he is a poor reader, is not alone sufficient to exonerate him from negligence in failing to ascertain the terms of a written instrument which he executes; but where, in addition thereto, he is erroneously assured by the payee therein that such instrument contains a term for his benefit which was in a prior instrument between the same parties, which the latter instrument supersedes, and where the mere execution of the latter instrument does not necessarily presuppose the waiver or prior fulfillment of such term, it is for the jury to determine whether the evidence is sufficient to exonerate him from negligence and entitles him to relief upon the ground of alleged mutual mistake.

3. **SALES — Purchase-Money Note—Action—Petition—Answer—Sufficiency.** It is error to sustain a general demurrer to the answer to a petition for judgment on a note which alleges facts sufficient to show, when liberally construed, that the property for which it was given as a part of the purchase price, and which is therein admitted to be sound, as warranted, with a recital therein that the payee, who was the seller and warrantor, is released from warranty of soundness, was in fact unsound, with resulting loss of value equal to the amount of the note, and that said admission of soundness and of release from warranty is the result of mutual mistake.

(Syllabus by Thacker, C.)

*Error from County Court, Johnston County;*
*Nick Wolfe, Judge.*

Action on promissory note by the McKinney Nursery Company against W. M. McDonald. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Stephen C. Treadwell,* for plaintiff in error.

*Fooshee & Brunson,* for defendant in error.

Opinion by THACKER, C. Plaintiff in error will be designated as defendant, and defendant in error as plaintiff, in accord with their respective titles in the trial court.

This is an action commenced June 30, 1909, upon a note in words and figures as follows:

"$200.00. Tishomingo, Okla. Dec. 19th, 1907.

"Ten months after date, I, we or either of us promise to pay to the order of the McKinney Nursery Company, of McKinney, Texas, the sum of two hundred dollars, for value received, with interest at the rate of 8 per cent. per annum after date until paid, and in the event default is made in the payment of this note at maturity, and it is placed in the hands of an attorney for collection, I agree that a reasonable amount shall be added as attorney's fees. The drawers and indorsers severally waive presentment for payment, protest, and notice of protest, and nonpayment of this note, which is given in settlement for nursery stock that has been delivered and found to be in good condition, and it is expressly agreed and understood that the responsibility of McKinney Nursery Company for same, now ceases and deter-

mines, and that in receiving above-mentioned stock, I assume all risk for same, except for the written guaranty which is stipulated in said order given for this stock, which is a guaranty of replacial for the first year at one-half the purchase price of stock that fails to live, and that no promise or agreement not herein expressed has been made by said McKinney Nursery Company, its agents or employees. This note is negotiable and payable at the office of the McKinney Nursery Company. McKinney, Texas.

"W R. McDonald.

"Due Oct. 19, 1908."

The trees (for a balance on the purchase price of which this note was given) had been "bedded out" in the ground at defendant's resdence, with roots covered with dirt, and unseen by him, but tops in plain view, when and where the note was given. The trees had, a short time theretofore, been taken to defendant's residence in his absence and "bedded out" by plaintiff upon defendant's prior order therefor, in which order he had agreed to pay $450 as the purchase price of the trees at the time of delivery. The said order contained the following provision:

"In consideration of the above contract we promise to deliver healthy well-grown trees and true to name. The value of any article not furnished will be deducted on settlement."

The original answer in effect alleged, and the defendant offered, and the court refused, upon objection, to permit him to introduce evidence to show that (as he first came to know upon transplanting) the trees were diseased and some of them dead at the time he executed the note, resulting in loss of value equal to the amount of the note; that it appeared to him, from an examination of the tops at the time he executed the note, that the trees were in bad condition, if not dead; that having eyes that were not very strong, and being a poor reader, he did not read the note, nor was it read to him, but upon the assurance of the plaintiff's agent that the trees were in a good, healthy condition, and that the note contained the above-quoted provision of the prior contract, and would not affect plaintiff's obligations under said contract to

furnish him good, healthy trees, the defendant executed the note without reading the same or having it read to him.

After this evidence had been offered and rejected, the defendant asked and was granted leave to amend his original answer, which he did by alleging, in addition to the facts originally alleged, which he had offered to prove, the following facts: (1) That the note was without consideration other than the consideration for said prior contract, which had failed to the amount of the note; (2) that the omission from the note of the terms of the original contract hereinbefore quoted, and the inclusion in said note of terms to the contrary and to the effect that the defendant accepted the trees as healthy and released plaintiff from its prior obligation to furnish healthy trees, was the result of mutual mistake between the parties to said note.

Plaintiff demurred in general terms to this answer, and the court sustained the demurrer, and thereupon instructed the jury to return a verdict for the plaintiff for the full face value of the note, which was done; and judgment accordingly was entered.

The only question necessary for us to determine in this case is that of the sufficiency of the amended answer as against a general demurrer; and, when so tested, we think the answer was sufficient.

We cannot presume, as rendering harmless the sustention of this demurrer, that defendant would not have offered additional evidence which would have warranted the jury in finding either want of consideration for the release of the plaintiff from its prior obligation to furnish healthy trees by the terms of a note without any new consideration, or that the substitution in the note of terms of release for the terms of warranty in the original contract was not the result of mutual mistake, although the record discloses no other evidence of his ability or purpose to adduce such additional evidence.

We cannot presume, against the demurrant and in favor of the demurree, and as showing harmless error, that there was an

extension of time for the payment of a balance of $200 of the whole purchase price of $450 in this note in consideration of the release of plaintiff from its warranty and as a new consideration for the note. For aught we know or may presume in this regard, such extension of time may have been in consideration of an unnecessary part payment of $250 at time of delivery on the $450 price and of consent to receive and test the trees by transplanting, notwithstanding it appeared to defendant, and he asserted, that the trees were in bad condition, and that he had a right to reject them and refuse payment. And the answer must be liberally construed in determining whether it is sufficient, as against such a demurrer. *Smith-Wogan Hardware & Implement Co. v. Jos. W. Moon Buggy Co.,* 26 Okla. 161, 108 Pac. 1103.

No fraud is alleged in the answer; but either want or failure of consideration or mutual mistake in execution is a permissible defense, although the defendant cannot avail himself of a mistake caused by his own negligence of duty to ascertain the contents of the writing he signs. 21 Cyc. 807-809.

One who fails to read or have read to him a writing which is plain and unambiguous in its terms is *prima facie* bound by the same and guilty of such negligence in his ignorance of its provisions as will preclude him from obtaining relief therefrom upon the ground of mistake as to the same. *Guthrie & W. Ry. Co. v. Rhodes,* 19 Okla. 21, 91 Pac. 1119, 21 L. R. A. (N. S.) 490; *T. & H. Smith & Co. v. Thresmann,* 20 Okla. 133, 93 Pac. 977, 15 Ann. Cas. 1161; *Herron v. M. Rumley Co.,* 29 Okla. 317, 116 Pac. 952, and cases therein cited.

And the mere fact that his eyes are not very strong, and he is a poor reader, is not alone sufficient to warrant a finding that he is free from negligence in failing to ascertain the contents of the writing; but where the writing is not in settlement of a demand, but is mutually intended to continue in force a certain part of a prior contract, with which the payee represents it is identical, it is, in such a case as this, for the jury to say whether he is guilty of negligence which deprives him of his right to relief upon the

JULY TERM, 1914.—Vol. XLIV. 67

Wm. Cameron & Co. et al. v. Cons. School Dist. 1, Kiowa Co. et al.

ground of mistake against a release of a warranty contained in the contract and implied by law, in the absence of contract.

In view of another trial, it seems proper to suggest that the alleged erroneous statement of the agent as to the contents of the note would seem to indicate fraud rather than mistake, in the absence of evidence of his ignorance of such contents and belief that it contained the term in question, as he would ordinarily be presumed to have known what the note contained and that it did not contain the omitted term.

For the reasons stated, this case should be reversed and remanded, with instructions to overrule the demurrer and grant a new trial of the case.

By the Court: It is so ordered.