# ÆTNA LIFE INS. CO. v. BRADFORD *et al.*

No. 3805.    Opinion Filed December 22, 1914.

(145 Pac. 316.)

1.  **CONTRACTS—Construction.**  Where a contract is executed which refers to and makes the conditions of another instrument a part of it, the two will be construed together as the agreement of the parties.

2.  **INSURANCE — Action on Policy—Petition—Sufficiency.**  Where the petition discloses that ad interim insurance was issued for ten days from the date of the "binder" and "pending the issue of a regular policy at the rate and subject to limits of liability stated therein, and subject also to the agreements and conditions of the policy form E. L. 20, * * * as issued by this company, * * *" and the plaintiff declared upon the "binder"

alone, without setting forth the policy subsequently issued pursuant to the terms of the "binder," and declaring thereupon as a part of the contract of insurance, **held**, a demurrer to the petition should have been sustained.

(Syllabus by the Court.)

*Error from District Court, Carter County;*

*Stilwell H. Russell, Judge.*

Action by Louis H. Bradford and another against the Ætna Life Insurance Company. Judgment for plaintiffs, and defendant brings error. Reversed for new trial.

*Potterf & Walker,* for plaintiff in error.

*Cruce & Potter,* for defendants in error.

TURNER, J. On March 8, 1911, Louis H. Bradford, defendant in error, in the district court of Carter county, sued Ætna Life Insurance Company, plaintiff in error, on the following "binder," issued to him by defendant, for value:

"Accident and Liability Department,

Ætna Life Insurance Company,

Hartford, Connecticut.

"No. 41324.    Limits:    One person, $5,000.

One accident, $10,000.

Binder.

Date, Nov. 24, 1909.

"The Ætna Life Insurance Company of Hartford, Conn., hereby binds insurance for a period of ten days from the above date, pending the issue of a regular policy at the rate and subject to the limits of liability stated herein and subject also to the agreements and conditions of the policy form E. L. 20, PL H GL V AV and WC, as issued by this company on the risk of, name, the Ardmore Steam Laundry, L. H. Bradford, Prop., address, Ardmore, Okla.

"Class E      Pay Roll $5,000.      Rate, 75c.

"Description of business: Laundry (with guards), Ardmore, Oklahoma.

"Notice.—It is hereby agreed that if policy when issued is not accepted by the assured or if this insurance is not accepted by the company, the assured will pay the premium earned under this binder from the date thereof until the binder is returned to the agent issuing same.

"Report Accidents Immediately.

"This binder will be void if the agent or other representative of the company has changed or waived any clause thereof.

"The insurance under this binder covers only the risk described above. If the risk is accepted by the policy, the policy will bear even date with the binder. If the risk is not accepted the agent will collect the earned premium at the rate named for the period of this binder. This binder is not valid unless signed by an authorized agent of the company.

"Slaughter & Verschoyle, General Agents."

After setting it forth, his petition substantially states that, within the specified ten days, one of his employees within the risk was injured by having her hand caught and crushed in a mangle used in said laundry; that he had been sued and paid a judgment in damages for said injury; that the loss to him was covered by the "binder," and prayed judgment over against defendant for $1,050, the amount of the loss.

The petition fails to set forth the terms of the policy referred to in the "binder," and proceeds upon the theory that the "binder" contained all the terms and conditions of the contract of insurance. To this defendant filed a motion to make more definite and certain, the object of which was to require plaintiff to set forth and declare upon the policy. But the same was overruled, as was also a demurrer to the petition. Thereupon defendant answered, and interposed a general denial, and pleaded in substance that the

"binder" was only intended to furnish *ad interim* insurance on a laundry with guards, and that the premium paid therefor was only applicable to such; that, by the terms of said "binder," said insurance was subject to the agreements and conditions contained in defendant's policy for E. L. 20, which was alleged to be an employers' liability policy used for steam laundries whose mangle is duly guarded, and that at the time the injury was sustained, resulting in the loss complained of, the mangle causing the injury was unguarded; that the policy issued to plaintiff pursuant to the terms of said "binder" was in accordance with said form No. 20 and was thereafter in due time delivered to him and by him accepted and retained. There was trial to a jury and judgment for plaintiff, and defendant brings the case here. On the trial defendant offered in evidence a copy of the policy. There was no question that it was in form E. L. 20,. as pleaded, or that the original duly issued to and was in possession of plaintiff at the time he sued. But the court sustained an objection thereto, excluded it from the jury, and defendant excepted. It provided:

It is hereby understood and agreed that all the mangling machines owned or operated by the assured shall be provided with fixed guards or safety feed tables adjusted to the point of contact of the roll, so as to prevent the fingers or hands of the employes from being drawn into the rolls, and that such guards shall be maintained during the term of this policy. Any failure on the part of the assured to provide and maintain such guards shall relieve the Ætna Life Insurance Company from liability on account of personal accidents due to such neglect, and this policy is accepted by the assured accordingly."

The mangle in which the employee's hand was caught was unguarded, and there can be no doubt that the loss was excepted by the terms of the policy. The recovery was perhaps owing to the fact that the court adopted plaintiff's theory and, in effect, instructed the jury that the policy was no part of the contract. The court was wrong. If the policy formed a part of the contract, which was executed and delivered, the failure to set out its terms and conditions and allege a compliance therewith or excuse a

failure to comply was properly raised by the demurrer, which should have been sustained. This was precisely the fact in *Home Ins. Co. v. Favorite et al.*, 46 Ill. 263, which was a suit upon a "binder," as here. The declaration failed to set forth the policy to which the "binder" referred, and the defendant set it up, relied upon it as a part of the contract of insurance, and sought to escape liability under its terms and conditions by introducing it in evidence. The court held that it was a part of the contract, and said:

"If such a policy formed a part of the contract, which was made and delivered, the failure to set out its terms and conditions in the declaration, and to have averred a compliance therewith, or an excuse for a noncompliance, should  *  *  *  have been taken advantage of upon demurrer."

And, after reversing the case, in the syllabus, said:

"Where a contract is executed which refers to and makes the conditions of another instrument a part of it, the two will be construed together as the agreement of the parties."

This case was relied on by us in *United States Fidelity & Guaranty Co. v. American Bonding Co.*, 31 Okla. 669, 122 Pac. 142. There the "binder" recited that it was "subject to all the covenants and conditions set forth and expressed in the bond of this company to be issued on even date herewith." In passing on the legal effect of this "binder," we said:

"Of course the 'binder' and the bond referred to were thus made a part of one and the same agreement, and should be construed together in determining what the contract of insurance was, and the liability, if any, of the company thereon."

We are therefore of opinion that the demurrer to the petition should have been sustained, and the cause should be reversed for a new trial. It is so ordered.

All the Justices concur, except Kane, C. J., absent and not participating.