In the Matter of the ESTATE OF
Robert Dexter STOKES,
Deceased.

Gladys M. STOKES, Appellant,

v.

Robert Dee STOKES, a/k/a Robert D. Stokes, Jr., Individually and as Personal Representative of the Estate of Robert Dexter Stokes, Ruby Vinson, and Farmers State Bank, Allen, Oklahoma, Appellees.

No. 64395.

Supreme Court of Oklahoma.

Dec. 8, 1987.

---

**3.** *Stipe v. Theus,* Okl., 603 P.2d 347, 350 [1979] and *Crest Resources v. Corporation Commission,* Okl., 617 P.2d 215, 218 [1980].

Deaton & Davison, Denver N. Davison, Ada, for appellant.

Landrith, Roberts & Jaques, Thomas S. Landrith, Ada, for appellees.

DOOLIN, Chief Justice.

The issue presented by this appeal is whether the decedent, Robert Dexter Stokes (also known as R.D. Stokes), did, by his acts in regard to certain certificates of deposit, create a trust for the benefit of the persons named on those certificates.

The facts giving rise to this controversy are as follows:

On December 8, 1983, R.D. Stokes executed a will in which, among other bequests, he made a Fifty Thousand Dollar specific bequest to his wife, Gladys M. Stokes, and left the residue of the estate to his three children by a prior marriage.

On December 9, 1983, R.D. Stokes withdrew Two Hundred Eighty–Five Thousand Dollars from a joint account and purchased three certificates of deposit, in the name of "R.D. Stokes Trustee for Gladys Stokes and Robert D. Stokes, Jr. and V.L. Stokes and Ruby Vinson," with interest to be deposited monthly to the joint checking account.

Prior to the execution of decedent's will on 8th of December, 1983, and since at least November 18, 1980, the money used to purchase the C.D.'s had been on deposit at Gibralter Savings Association, Amarillo, Texas, and its successor, Briercroft Savings & Loan, in the same name of "R.D. Stokes Trustee for Gladys Stokes and Robert D. Stokes, Jr. and V.L. Stokes and Ruby Vinson." The money used by R.D. Stokes to create the first deposit in his name as trustee for his wife and children came from four previously created, separate, joint tenancy accounts, each in his name and the name of either his wife or one of his children as joint tenants, which he had maintained since 1969 or earlier.

After purchasing the C.D.'s, R.D. Stokes obtained access to the safe deposit box which was solely owned by Gladys Stokes, and placed the C.D.'s in it where they remained until his death on June 3, 1984.

Robert Dee Stokes was appointed executor on June 27, 1984, and after obtaining the C.D.'s from Gladys Stokes, cased one in the amount of Eighty–Five Thousand Dollars, placed Fifteen Thousand Dollars in the executor's checking account, and used the balance of principal and interest to purchase a Seventy Thousand, Four Hundred Sixty–One Dollar C.D. in the name of "Robert D. Stokes Trustee for Gladys Stokes and Robert D. Stokes and V.L. Stokes and Ruby Vinson." At the same time he caused the name on the two, remaining, original C.D.'s to be changed to "Robert D. Stokes Trustee for Gladys Stokes and Robert D. Stokes and V.L. Stokes and Ruby Vinson," and all interest thereafter to be deposited to the executor's checking account.

On January 4, 1985, an "Application for Interpretation of the Applicability of the Will to Certificates of Deposit" was filed in the probate case and was set for hearing on January 15, 1985. The application stated that Gladys Stokes was out of state. However, the notice of the hearing was not mailed to her there, and Mrs. Stokes learned by telephone of the show cause hearing on January 14, 1985. She was still out of state at that time.

The probate court took the application under advisement and, without proof of any services on Gladys Stokes, ruled on February 13, 1985, that there was no express trust created by the C.D.'s, and ordered Farmers State Bank to pay the C.D.'s to the executor. Gladys Stokes filed a motion to vacate that order on March 7, 1985, because of lack of notice to her of the hearing and for lack of jurisdiction of the probate court. On the same day she filed a civil action to have the Certificates of De-

posit declared to be a trust and for an accounting by the executor.

The Motion to Vacate and the civil action were consolidated for trial and heard on April 24, 1985, after which the court ruled that the language used on the Certificates of Deposit, and the testimony relating to them, did not create a trust which can be legally recognized, and that the funds therein remained were not a part of the estate. It is that judgment which has been appealed.

The Court of Appeals affirmed the trial court and we have previously granted certiorari to examine the question.

The primary question now before us is to determine whether an express trust was in fact created by the deceased through his act of purchasing certificates of deposit upon the face of which he named himself "as trustee for" certain other persons.

The Oklahoma version of the Uniform Trusts Act[1] allows a great deal of flexibility in the manner in which a trust may be created. That act says, in part:

A trust may be created by:

A. A declaration by the owner of property that he holds it as trustee for another person, or for himself and another person or persons.[2]

■ In Oklahoma it is not required that the declaration of a trust be in writing if the res of the trust does not include an interest in real property,[3] which is the situation here.

There are generally recognized elements necessary for the creation of a valid and enforceable trust, including: a present intent by a competent settlor that a competent trustee (who may be the same person as the settlor) shall hold and manage an ascertainable trust res for the benefit of sufficiently certain beneficiaries, accompanied by an act which constitutes a present, complete disposition of the trust property (even if enjoyment by the beneficiary is to take place in the future).[4]

■ The primary focus in cases determining the existence of a trust has been on the intent of the settlor to establish a trust.[5] In regard to bank deposits, we agree with the Supreme Court of Idaho when it said:

If there exists in the mind of a depositor an intention that he or some other person shall be a trustee and he expresses that intent altough the word "intent" of "trustee" are not used, his intention will prevail and the trust will be declared to have been created.[6]

■ The actions of purchasing the certificates of deposit in the instant case, and the language which denominated the deceased a trustee, clearly manifest the intent of the deceased to create a trust.[7]

There is no dispute here as to the competence of the settlor/trustee, nor is there any doubt that the certificates are an ascertainable res, or that the intended beneficiaries are indentified with certainty.

One of the elements of an express trust which is in question here is whether the deceased made a present and complete disposition of the trust property. The executor points out that the mere deposit of money in one's own name as trustee for another does not establish an irrevocable trust during the depositor's lifetime.[8]

While this premise is essentially correct, it does not fit the facts of the case now before us. The deceased here did not

---

**1.** 60 O.S.1981 § 175.1, et seq.

**2.** Id. at § 175.6.

**3.** *Girdner v. Girdner,* 337 P.2d 741 (Okl.1959).

**4.** See: *Pizel v. Pizel,* 7 Kan.App.2d 388, 643 P.2d 1094 (1982); and see generally: 89 C.J.S. Trusts § 54, et seq.

**5.** *Tulsa Exposition and Fair Corp. v. Board of County Commissioners,* 468 P.2d 501, 508 (Okl. 1970).

**6.** *Vaughn v. First Federal Savings & Loan,* 85 Idaho 266, 378 P.2d 820 (1963).

**7.** The form of the account or deposit is not necessarily conclusive as to the existence of a trust. *Eden v. Eden,* 182 Neb. 768, 157 N.W.2d 543 (1968).

**8.** *In re Cuen's Estate,* 142 Cal.App.2d 528, 298 P.2d 545 (1956).

"merely" purchase the certificates of deposit in his own name as trustee. He took the additional, affirmative step of placing the cerificates in the safe deposit box leased by his wife in her own name. While it is arguable whether this act removed the certificates from deceased's control (after all, if he gained access to the box to put them in, it is logical to suppose he could gain access to take them out), by doing so he performed an extraordinary, affirmative act in furtherance of his intent to establish a trust.

The case before us shares many similarities to the famous New York case of *In Re Totten* [9] and its progeny. There, the New York court found the act of depositing money in a savings account in the name of the depositor and another, beneficial owner, was sufficient to create a trust which the beneficiary could enforce upon the death of the depositor. Since this decision, the "Totten Trust" or tentative trust, has been recognized in many jurisdictions as a valid, trust arrangement which, though revocable during the depositor's lifetime, was sufficient to pass the res of the deposit to the beneficiary upon the depositor's death, independently of the depositor's estate. [10]

While we have not heretofore ruled on whether a "Totten Trust" may be created in Oklahoma, we note the language of 6 O.S.1981, § 902, which says:

> Whenever any deposit shall be made in a bank by any person which is in form in trust for another, and no other or further notice of the existence and terms of a legal and valid trust shall have been given in writing to the bank, in the event of the death of the trustee, the same, or any part thereof, together with the interest thereon, may be paid to the person for whom said deposit was made.

No legal theory, other than that of the Totten Trust, is compatible with the plain language of this statute. Further, and perhaps more importantly, there is nothing in the Oklahoma Law of uses and trusts which is in any way incompatible with a finding that the drafters of 6 O.S.1981, § 902 intended to allow the sort of trust described in *In Re Totten*. [11]

Based upon the foregoing, we find that the acts of the deceased clearly demonstrated his intention to establish a trust in the certificates of deposit for the benefit of those other persons named thereon.

■ We therefore hold that in Oklahoma, a valid trust may be created by a depositor who places money on deposit in any regular savings scheme, including the purchase of a certificate of deposit, when such deposit is made in the name of the depositor as trustee for other, designated individuals.

■ The trust thus created, without more, is revocable and tentative during the life of the depositor, and vests in and is enforcible by the beneficiary thereof upon the depositor's death. The res of such a trust passes to the beneficiary by its own terms, independently of the depositor's estate.

The opinion of the Court of Appeals is VACATED, the judgment of the trial court is REVERSED and the case REMANDED for further proceedings.

HODGES, SIMMS, OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

LAVENDER, J., dissents.

HARGRAVE, V.C.J., not participating.

---

9. 179 N.Y. 112, 71 N.E. 748 (1904).

10. *In Re McFetridge's Estate*, 472 Pa. 546, 372 A.2d 823 (1977).

11. Footnote 9, *supra*.