2002 OK CIV APP 69

**In the Matter of the ESTATE OF A.E. RICHARDSON.**

**James E. Richardson, Plaintiff/Appellant,**

v.

**First National Bank & Trust Company of Nowata, Defendant/Appellee.**

**No. 95,332.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 29, 2002.

Certiorari Denied June 18, 2002.

Jerry M. Maddux, Russell C. Vaclaw, Selby, Connor, Maddux & Janer, Bartlesville, OK, for Plaintiff/Appellant.

D. Richard Funk, Melodie Freeman–Burney, Conner & Winters, Tulsa, OK, for Defendant/Appellee.

Opinion by KENNETH L. BUETTNER, Judge.

¶ 1 Plaintiff/Appellant James E. Richardson (Son) sought an omitted child's share from the estate of his father, A.E. Richardson (Decedent). Defendant/Appellee First National Bank & Trust Company of Nowata (Executor or Bank) moved for summary judgment on the basis that Decedent intentionally omitted Son in an amendment to a pour-over trust executed after Decedent's Will. The trial court found no dispute of material fact that Decedent intentionally omitted Son from his Will.[1] The trial court also granted summary judgment to Executor on Son's claim for unpaid child support.[2] We hold that the provisions of a pour-over trust, which have been amended after a will is executed, are not incorporated by reference in the will so that the amended provisions of the trust constitute competent evidence of the testator's intent to omit an heir as required by Oklahoma's pretermitted heir statute. We therefore reverse and remand this matter for determination of Son's share in the estate as a pretermitted heir.

¶ 2 Summary judgment proceedings are governed by Rule 13, Rules for District Courts, 12 O.S.Supp.1993, Ch. 2, App.1. Summary judgment is appropriate where the record establishes no substantial controversy of material fact and the prevailing party is entitled to judgment as a matter of law. *Brown v. Alliance Real Estate Group*, 1999 OK 7, 976 P.2d 1043, 1045. Summary judgment is not proper where reasonable minds could draw different inferences or conclusions from the undisputed facts. *Id.* Further, we must review the evidence in the light most favorable to the party opposing summary judgment. *Vance v. Fed. Natl. Mortg. Assn.*, 1999 OK 73, 988 P.2d 1275.

¶ 3 The undisputed evidence in the record on appeal establishes that Decedent executed his Last will and Testament June 22, 1998 (Will). The Will provided that after debts, funeral expenses, and taxes were paid, the residue of the estate would pour over into The A.E. Richardson Trust, dated September 25, 1992 (1992 Trust). The Will appointed the Bank as Executor of Decedent's es-

---

1. The trial court's order is an interlocutory order in a probate case which is appealable by right. See S.Ct.Rule 1.60(h), 12 O.S.Supp.1997, Ch. 15, App. Although the appeal is from summary judgment, the Supreme Court Rules refer to briefs in appeals from interlocutory orders appealable by right and the Supreme Court ordered briefs in the instant case in an order filed June 1, 2001.

See S.Ct.Rule 1.65, 12 O.S.Supp.1997, Ch. 15, App.

2. Son has not appealed the denial of his claim for unpaid child support. Son also moved for summary judgment which was denied.

tate. The Will did not refer to Son by name or by class.

¶ 4 Also on June 22, 1998, Decedent executed a First Amendment to the Declaration of Trust of A.E. Richardson (1998 Amendment). The 1998 Amendment amended the 1992 Trust in its entirety. Article 13(J) of the 1998 Amendment provided that if any beneficiary of the trust contests the 1992 Trust or the Will, or seeks any adjudication that the trust or Will is in any way void, then that person will be treated as if he predeceased Decedent. That provision also specifically stated "The Settlor's son, John R. Richardson,[3] is *not* named in this trust document as a beneficiary, as he has been assisted and provided for during the Settlor's lifetime." Article 16(B) provided that distribution of 100% of the trust proceeds shall go to the A.E. and Juanita Richardson Charitable Foundation.

¶ 5 Decedent executed the Second Amendment to the Declaration of Trust of A.E. Richardson March 9, 1999 (1999 Amendment). The 1999 Amendment indicated that it changed the 1998 Amendment only by adding Article 3(B)(6):

> 6. Intentional Omissions: The omission in this Trust Declaration of any provision for the Settlor's sons, JOHN RICHARDSON and JAMES RICHARDSON, or any other relative or person is not due to oversight or neglect, but is based upon the Settlor's *considered desire* to omit such person and to benefit only the beneficiaries designated herein. Notwithstanding any and all of

the other provisions of this trust instrument, if any beneficiary or potential beneficiary shall object to this trust instrument, any provisions hereof or any part of the trust estate hereunder, then he or she shall be deemed to have predeceased the Settlor for the purposes of this Trust and any provisions herein contained.

¶ 6 Decedent died April 17, 1999. The trial court admitted to probate Decedent's Last Will and Testament executed June 22, 1998, found that Decedent's survivors included a wife and his two adult sons, and appointed Bank as Executor.

¶ 7 Son filed his Application for Share as Omitted child September 13, 1999.[4] Son asserted that Payne County Case No. 1240D established Decedent's paternity of Son. Son next asserted that he is not mentioned by name or class in the Will and that the Will contains no provision indicating that the omission was intentional. Son therefore requested that the court determine that he was an unintentionally omitted child and that the court include Son in the decree of distribution and award him his proper statutory share of the estate.[5]

¶ 8 Executor filed its Motion for Summary Judgment December 27, 1999. Executor argued that the Will specifically incorporates the 1992 Trust and pours all the estate assets into the trust, and the 1992 Trust expressly omits Son from receiving any distribution. Executor argued that the incorporated Trust,

---

3. John R. Richardson is Son's brother. The 1998 Amendment did not refer to Son in any manner.

4. The will does not include a no-contest clause, but the 1999 Amendment indicates that any person who objects to the trust provisions shall be treated as having predeceased Decedent. Son's application for share as omitted heir does not amount to a will contest. A will contest seeks to deny admission of a will to probate. *Matter of Estate of Massey*, 1998 OK CIV APP 116, 964 P.2d 238, 241. In *Massey*, this court explained that when a will is offered for probate, the only question is the factum of the will—whether it was executed and attested properly, whether the testator was competent and not under undue influence, fraud or duress. *Id.* Finally, *Massey* explained that a will is not void for omitting an heir. The question whether an omission was

intentional is not decided in a will contest, but it is decided at the time the estate is distributed. *Id.* Accordingly, Son's application for share as omitted heir would not implicate the no-contest provision in the trust instrument.

5. Also on September 13, 1999, Son filed his Petition for Payment of Rejected Claim in which he asserted that Decedent's estate had rejected Son's claim for child support that Decedent owed pursuant to the 1941 judgment which had established Decedent's paternity and had ordered Decedent to pay Son's mother $25 per month during Son's minority. Son alleged that Decedent made only one child support payment and further alleged that the Estate owed son $28,555 in child support and interest. Son requested judgment against the estate for that amount plus attorney fees.

as amended, satisfied the requirements for an intentional omission of a legal heir.

¶ 9 Article III of the Will provides, in part:

I give all the rest and residue of my property, not already in trust, of every kind and description, real personal, and mixed, ... including any lapsed or void bequest or devise, to the Trustee of the A.E. Richardson Trust, dated September 25, 1992, as may be amended, to be administered and distributed in accordance with the provisions of that Trust, which is incorporated by reference in this Will.

If for any reason the disposition referred to above is not operative or is invalid, ... then I give the residue of my estate, ... to the Trustee named in the present provisions of said Declaration of Trust to act upon my death, to be administered ... as provided in ... said Declaration of Trust, which for this purpose I incorporate by reference in this Will.

The 1999 Amendment of the trust expressly provided for the intentional omission of Son and his brother, and further provided that if any party objected to the trust instrument, that party would be treated as if he predeceased Decedent.

¶ 10 As noted above, the trial court granted summary judgment to Executor. Son does not dispute the material facts. Rather, the parties dispute the legal effect of whether the Will and pour-over trust accomplished the result of intentionally omitting Son from inheriting from Decedent.

■■■ ¶ 11 Testators are presumed to intend to provide for the natural objects of their bounty. *Smith v. Crook,* 160 Cal. App.3d 245, 249, 206 Cal.Rptr. 524, 526 (1984). In order to protect a testator and his issue from an unintentional omission from the testator's will, Oklahoma's pretermitted heir [6] statute provides:

§ 132. Provision for Children Unintentionally Omitted

When any testator omits to provide in his will for any of his children, or for the issue of any deceased child *unless it appears that such omission was intentional,* such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section.[7]

84 O.S.1991 § 132 (emphasis added). The Oklahoma Supreme Court has held that the intent to omit a child from inheriting must appear on the face of the will in "strong and convincing language." *Matter of Estate of Hoobler,* 1996 OK 56, 925 P.2d 13, 17: *Matter of Estate of Woodward,* 1991 OK 25, 807 P.2d 262, 264; *Monroe v. Lawrence,* 1959 OK 261, 347 P.2d 1016, 1018 (intent to disinherit must appear from the four corners of the will and circumstances under which the will was executed cannot be considered nor may extrinsic evidence be admitted to establish such intent). Additionally, extrinsic evidence may be admitted to show an heir was unintentionally omitted, but extrinsic evidence is *not admissible to show intent to omit* a natural heir. *Smith v. Crook, supra.* In addition, simply leaving the entire estate to others is not alone sufficient to show intent to omit a child. *Estate of Crump v. Freeman,* 1980 OK 80, 614 P.2d 1096.

■■■ ¶ 12 The issue then, is what constitutes the "face of the will." We first note that 84 O.S.1991 § 154 provides: "Several *testamentary* instruments, executed by the same testator, are to be taken and construed together as one instrument." (Emphasis added). Also relevant in determining what constitutes the "face of the will" is the doctrine of incorporation by reference. There are two factors required to successfully incorporate another document into a will by reference: first, the other document must be in existence when the will is executed; second, the other document must be referred to in the will so as to reasonably identify the other document. *Miller v. First National Bank &*

---

6. Black's Law Dictionary teaches "To 'pretermit' is to pass by, to omit or to disregard, e.g. failure of testator to mention his children in his will." Revised Fourth Edition (1968).

7. The preceding section, 84 O.S.1991 § 131, provides that children born after the execution of a will, for whom no provision is made in the will, succeed to that portion of the estate that they would have received had the testator died intestate.

*Trust Co.*, 1981 OK 133, 637 P.2d 75, 77. *Miller* specifically dealt with incorporation of a trust into a will by reference.[8] The court explained that the reference to the trust in the will "must show the testator's intention to incorporate the instrument into his will, 'or at least his intention that the instrument should operate with his will in disposing of property left by him at his death.'" *Id.*, quoting *Bottrell v. Spengler*, 343 Ill. 476, 175 N.E. 781 (1931). The court indicated that once another document is incorporated by reference into a will, that document is operative as a part of the will. *Id.* We therefore hold that a document which is successfully incorporated by reference may constitute part of the "face of the will" for purposes of finding intent to omit a natural heir on the face of the will. Indeed, this court has implicitly indicated that intent to omit may be found in an incorporated trust document. See *Corr v. Corr*, 2001 OK CIV APP 31, 21 P.3d 642, 645–646 (court reviewed trust, incorporated by reference in will, to determine whether adopted children had been intentionally omitted).

¶ 13 In *Miller*, the court noted:

Decedent's will clearly identifies the trust. The trust was in existence when the will was executed. The reference exhibits decedent's intention that the trust operate with his will to dispose of his property. He signed the will and the trust contemporaneously, indicating one instrument and a scheme of testamentary disposition.... The will without the trust has no meaning or value to the decedent's estate plan.

*Id.* The court concluded that the trust was incorporated by reference into the decedent's will so that the trust operated as part of the will and that the provisions for the former wife were statutorily invalidated along with those in the will as a result of the divorce.

¶ 14 The undisputed evidence in the instant case shows that the 1992 Trust and 1998 Amendment were in existence at the time the Will was executed and that the Will expressly provides for Decedent's intent that the trust be incorporated into the Will. Indeed, Article III of the Will states that the 1992 Trust (as amended) is incorporated by reference. However, the intent to omit Son was first mentioned in the 1999 Amendment to the trust, which was made well after the Will was executed. Nothing in the record indicates that the 1999 Amendment to the trust was executed with testamentary formalities. Thus, the issue is whether a later amendment may be considered as part of "the face of the will."

¶ 15 There is no question that the Will effectively incorporated by reference the trust provisions. The Restatement of the Law, Third, of Trusts, § 19 " 'Pour-over' Dispositions by Will" provides:

Where a will contains a testamentary disposition for the purpose of adding property to an irrevocable or revocable inter vivos trust, or for the purpose of funding a trust pursuant to the terms of an instrument of trust executed but not funded during the testator's lifetime, the intended disposition is effective if and as

(a) Provided by statute; or

(b) Validated by the doctrine of incorporation by reference or by the doctrine of facts of independent significance;[9] or

(c) The trust instrument, together with the will either

---

8. In *Miller*, the issue was whether 84 O.S.1991 § 114, which revokes bequests for a spouse in a will in the event the testator and the spouse have divorced after the execution of the will, also operated to revoke provisions for the spouse made in a trust which was incorporated by reference into the will.

9. The doctrine of "facts of independent significance" has not been applied in any Oklahoma case. It is referred to as an escape mechanism to effect the testator's intent in cases where the doctrine of incorporation by reference does not apply because the document to be incorporated was not in existence at the time the will was

executed. See *In re Tipler*, 10 S.W.3d 244 (Tenn. App.1998) (Wife's will directed that all of her estate go to her husband, and that if her husband predeceased her, her estate be distributed according to the provisions of her husband's will. Husband's will was not in existence at the time Wife's will was executed, but Husband did predecease Wife. Husband's will was therefore not incorporated by reference, but its provisions were used to effect Wife's intent by the doctrine of facts of independent significance.) The doctrine will not be used to alter the requirements of § 132.

(i) satisfies an applicable rule of substantial compliance, harmless error, or judicial dispensation, or

(ii) otherwise satisfies the policies underlying the formal safeguards of the applicable Wills Act.

¶ 16 Oklahoma has adopted the Uniform Testamentary Additions to Trusts Act (UTATA). See 84 O.S.1991 §§ 301 *et seq.* Executor argues that UTATA validates trust amendments executed after the will. Section 301 of UTATA provides:

A devise or bequest, the validity of which is determined by the law of this state, may be made by a will to the trustee or trustees of a trust established *or to be established* by the testator or by the testator and some other person or persons or by some other person or persons (including a funded or unfunded life insurance trust, although the trustor has reserved any or all rights of ownership of the insurance contracts) if the trust is identified in the testator's will and its terms are set forth in a written instrument, other than a will, *executed before or concurrently with the execution of the testator's will* or in the valid last will of a person who has predeceased the testator, regardless of the existence, size, or character of the corpus of the trust. *The devise or bequest shall not be invalid because the trust is amendable or revocable, or both, or because the trust was amended after the execution of the will or after the death of the testator.* Unless the testator's will provides otherwise, the property so devised or bequeathed (a) shall not be deemed to be held under a testamentary trust of the testator but shall become a part of the trust to which it is given and (b) shall be administered and disposed of in accordance with the provisions of the instrument or will setting forth the terms of the trust, *including any amendments thereto made before the death of the testator, regardless of whether made before or after the execution of the testator's will,* and, if the testator's will so provides, including any amendments to the trust made after

the death of the testator. A revocation or termination of the trust before the death of the testator shall cause the devise or bequest to lapse. (Emphasis added.)

Although this provision of UTATA indicates that a testamentary devise to a trust will not fail even if the trust is amended after the will is executed, it does not expressly alter the requirements for incorporation by reference in all cases, or address the requirement of Oklahoma caselaw that intent to omit an heir appear on the face of the will. Nothing in the provisions of UTATA indicate that intent to omit an heir can be established in a trust document incorporated by reference in a will if the intent to omit is expressed in an amendment to the trust document made after the will was executed.[10]

¶ 17 One treatise has explained that if the testator has created a trust and has reserved the power to amend the trust, the trust instrument may be incorporated by reference, but the operative effect of the will cannot be changed by subsequent amendments to the trust unless those amendments are executed in accordance with the applicable wills act. 1 *Page on Wills,* § 260, p. 513. Effect will only be given to the will and the trust provisions as they existed when the will was executed. No effect can be given to the subsequent modification of the trust instrument if it is not executed in accordance with the act which regulates the execution of a will. *Id.*

¶ 18 The formal requirements for executing and attesting wills are codified at 84 O.S.Supp.1999 § 55. Much less is required to establish a trust. The elements of a creation of a valid trust are simply the present intent by a competent settlor that a competent trustee hold and manage an ascertainable trust res for the benefit of sufficiently certain beneficiaries, which is accompanied by an act which constitutes a present, complete disposition of the trust property. *Matter of Estate of Stokes,* 1987 OK 119, 747 P.2d 300, 302. In other words, a trust does not require the formalities of witnesses, attestation, and notarization which safeguard the

---

10. Indeed, if the complete § 301 was applicable, as Executor suggests, then a child could be omitted by an amendment to the trust even after the

death of the testator, if the testator's will so provides.

testator's wishes for the disposition of his estate. We are therefore persuaded that the intent to omit a natural heir must be within the "face of the will," which includes a document incorporated by reference, so long as the document is in existence at the time the will was executed. We do not believe that existing law will countenance disinheriting children by the simple expedient of signing a trust amendment after the will is executed, without the formalities required by § 55.

¶ 19 Likewise, while some cases have held that a gift to a trust, established by a will, is valid even when the trust is amended after the testator's will is executed,[11] it is also the rule in Oklahoma that a testator cannot avoid her spouse receiving an elective share by placing her entire estate in trust for the benefit of her children. See *Thomas v. Bank of Oklahoma, N.A.*, 1984 OK 41, 684 P.2d 553 (*held*: property placed in trust by wife for her children must be included in estate for purposes of husband's election to take against the estate because the revocable trust res remained under the wife's control until her death and was therefore part of her estate.) We analogize that case to the instant facts and find that Decedent could not cause his entire estate to pass to the trust and therefore avoid Son receiving his intestate share as a pretermitted heir—without showing the intent to omit on the face of the will.

¶ 20 In the instant case, the face of the will contains no "strong and convincing language" indicating intent to omit Decedent's children. Additionally, the document which does indicate intent to omit Son, the 1999 Amendment, was not in existence at the time the Will was executed and therefore may not be included in the terms of the Will as incorporated by reference. The Will admitted to probate in the instant case, including the incorporated trust as it existed at the time the Will was executed, fails to mention Son by name or class. Therefore, Son is a pretermitted heir—a forgotten child. As such, Son shall take the share of Decedent's estate to which he would be entitled had decedent died intestate, according to the Oklahoma pretermitted heir statute. 84 O.S.1991 § 132.

¶ 21 REVERSED AND REMANDED.

JOPLIN, V.C.J, and JONES, J., concur.

---

11. See *Matter of Will of Daniels*, 247 Kan. 349, 356, 799 P.2d 479, 484 (1990).