OSCN Found Document:WALKER v. BUILDDIRECT.COM TECHNOLOGIES INC.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 WALKER v. BUILDDIRECT.COM TECHNOLOGIES INC.
2015 OK 30
Case Number: 112075
Decided: 05/05/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 30, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

Eric Walker; Shannon Walker, Plaintiffs,
v.
BUILDDIRECT.COM Technologies, Inc. Defendant.

CERTIFIED QUESTION OF LAW

¶0 The United States Court of Appeals, Tenth Circuit, Honorable Harris L. Hartz, certified one question of Oklahoma law to this Court. A three-judge panel of that court seeks an answer to an unsettled question of Oklahoma law concerning whether a written contract for the sale of goods incorporates by reference a separate document that is neither affixed to nor its location identified in the seller's contract.

CERTIFIED QUESTION ANSWERED.

George H. Brown, Tony Gould, and Joshua C. Stockton, Brown & Gould, Oklahoma City, for Plaintiffs.
Brion Brady Hitt, Sterling E. Pratt, C. William Threlkeld, Christopher Todd Ward, Fenton Fenton Smith Reneau & Moon, Oklahoma City, for Defendant.

COLBERT, J.

¶1 The United States Court of Appeals, Tenth Circuit, certified the following question of Oklahoma law under the Revised Uniform Certification of Questions of Law Act, Okla. Stat. tit. 20, §§ 1601-1611 (2011):

Does a written consumer contract for the sale of goods incorporate by reference a separate document entitled "Terms of Sale" available on the seller's website, when the contract states that it is "subject to" the seller's "Terms of Sale" but does not specifically reference the website?

In response, this Court holds that a contract must make clear reference to the extrinsic document to be incorporated, describe it in such terms that its identity and location may be ascertained beyond doubt, and the parties to the agreement had knowledge of and assented to the incorporated provisions. Therefore, this Court answers the certified question in the negative.

Factual and Procedural Background

¶2 Pursuant to section 1604(A)(2) of title 20, the federal court has submitted "[t]he facts relevant to the question, showing fully the nature of the controversy out of which the question arose." Those facts are repeated here, virtually verbatim.

¶3 In April 2008, Shannon and Eric Walker requested several samples of hardwood flooring from BuildDirect.com Technologies, Inc., a Canadian corporation, through BuildDirect's website. The next month they arranged, over the telephone, to purchase 113 boxes of flooring from BuildDirect for $8,559.70. BuildDirect emailed a two-page written Contract entitled "Quotation" to Ms. Walker, who signed and dated the Contract and returned it to BuildDirect via fax. The Contract describes the type, amount, and price of the flooring purchased by the Walkers. And, it includes 14 bullet points setting forth additional terms. The sixth bullet point states in full, "All orders are subject to BuildDirect's 'Terms of Sale.'"

¶4 The Walkers allege that after they installed the flooring, they discovered that their home was infested with nonindigenous wood-boring insects. According to the Walkers, the insects have severely damaged the home, and have caused the home to be subject to quarantine and possible destruction by the United States Department of Agriculture.

¶5 In July 2011, the Walkers filed suit against BuildDirect and Fuzhou BuildDirect Limited, LLC (a Chinese company, which apparently was never served with process and was later voluntarily dismissed from the action) in the United States District Court for the Western District of Oklahoma, invoking diversity jurisdiction. See 28 U.S.C. § 1332. They alleged that the flooring purchased from BuildDirect contained the larvae of wood-boring insects and BuildDirect should have exterminated the larvae during the manufacturing process. Claiming to represent a class of similarly situated purchasers of BuildDirect's products, the Walkers asserted causes of action including fraud, breach of contract, negligence, trespass, breach of implied warranties of merchantability and fitness for a particular use, deceptive trade practices, products liability, and nuisance. They demanded a jury trial.

¶6 BuildDirect moved to compel arbitration. It pointed to the bullet point of the Contract stating that the Walkers' purchase is "subject to BuildDirect's 'Terms of Sale.'" It claimed that "Terms of Sale" refers to a specific document bearing that name, which was available on BuildDirect's website. The document could be accessed by clicking on a hyperlink labeled "Terms of Sale" under the heading "Customer Service" near the bottom of each page of the website. The online "Terms of Sale" contained 15 numbered paragraphs, which provided, among other things, that the customer is responsible for shipping costs, that BuildDirect bears the risk of loss during shipping, and that the customer can return a product for any reason within 30 days of delivery for a full refund. One paragraph requires arbitration of disputes. It states:

12. ARBITRATION

All disputes arising out of or in connection with this Agreement shall be referred to and finally resolved by a single arbitrator (the "Arbitrator") pursuant to the [Canadian] Commercial Arbitration Act, R.S.B.C. 1996, c.55, as amended. The decision of the Arbitrator on all issues or matters submitted to the Arbitrator for resolution shall be conclusive, final and binding on all of the parties. The Arbitrator shall determine who shall bear the costs of arbitration pursuant to this section 12.

¶7 The Walkers responded that they were unaware of the online document and that it was not a part of the Contract because it was not adequately referenced in the Contract. The district court denied BuildDirect's motion, explaining that the Contract was ambiguous and that it could not say as a matter of law that the Contract incorporated the "Terms of Sale". BuildDirect then initiated an interlocutory appeal to the U.S. Courts of Appeals, Tenth Circuit. See 9 U.S.C. § 16(a)(1)(B) (authorizing immediate appeal of order denying motion to compel arbitration). That court certified a limited question of Oklahoma law to this Court.

DISCUSSION

¶8 The Federal Arbitration Act (FAA) governs the enforcement of written arbitration provisions in contracts involving commerce. See Thompson v. Bar-S Foods Co., 2007 OK 75, ¶ 18, 174 P.3d 567, 574. State law, however, governs contract formation and the terms contained therein. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (holding, courts generally-though with a qualification-should apply ordinary state-law principles that govern contract formation). The parties here do not dispute Oklahoma law is controlling and neither party contends a conflict of law analysis is necessary.

¶9 In Oklahoma, as in most jurisdictions, the paramount objective of contract interpretation is to effectuate the intent of the parties as expressed by the terms of the contract. Currey v. Willard Steam Service, Inc., 1958 OK 23, ¶ 30, 321 P.2d 680, 685. "The cardinal rule" in interpreting written contracts is to ascertain the parties expressed intent and give effect to the same, "if it can be done consistently with legal principles." Continental Supply Co.v. Levy, 1926 OK 449, ¶ 11, 247 P. 967, 968. "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Okla. Stat. tit. 15, § 154. Thus, unambiguous, clear, and consistent contract terms will be enforced as written to carry out the expressed intention of the parties. Phillips v. Estate of Greenfield, 1993 OK 110, ¶ 10, 859 P.2d 1101, 1104; Okla. Stat. tit. 15, § 153.

¶10 The paramount question facing this Court is whether the "Terms of Sale" located on BuildDirect's website, was incorporated into the parties' written contractual agreement by reference. This case raises an issue of first impression. Oklahoma's jurisprudence in contract law on the doctrine of incorporation, commonly referred to as incorporation by reference, is sparse.[1] While Oklahoma's recognition of the principles of incorporation are abundant, a bright-line standard has yet to be formulated. The limited precedent that exists, however, permits incorporation of an extrinsic document by reference where the incorporated material was clearly identified in the text, See Monkey Island Dev. Auth. v. Staten, 2003 OK CIV APP 64, ¶ 17, 76 P.3d 84, 88; or words of express incorporation were utilized. See High Sierra Energy, L.P. v. Hull, 2010 OK CIV APP 96, ¶ 14, 241 P.3d 1139, 1144. But, standards to effectively incorporate by reference sufficient to resolve the underlying dispute before this Court are lacking.

¶11 A contract may include a separate writing or portions thereof, if properly incorporated by reference. See Continental Supply Co. v. Levy, 1926 OK 449, 247 P. 967; Aetna Life Ins. Co. v. Bradford, 1914 OK 636, 145 P. 316. As Samuel W. Williston explains, extrinsic material is properly incorporated when the underlying contract makes clear reference to the separate document, the identity of the separate document may be ascertained beyond doubt, and the parties to the agreement had knowledge of and assented to the incorporation. See 11 Williston on Contracts § 30:25 (4th ed. 1999). Incorporation however, is ineffective to "accomplish its intended purpose when the provisions to which reference is made do not have a reasonably clear and ascertainable meaning." Id. When incorporated material is properly referenced, "that other document, or portions to which reference is made, becomes constructively a part of the writing," forming a single instrument. Id.; See High Sierra Energy, L.P., 2010 OK CIV APP 96, ¶ 14, 241 P.3d 1139, 1144; See also Okla. Stat. tit. 15, § 158. Although the contract at issue here concerns the incorporation of an extrinsic document warehoused in cyberspace-contract formation, incorporation therein, and basic principals of contract law remain fundamentally unchanged. See One Beacon Ins. v. Crowley Marine Serv., Inc., 648 F.3d 258, 268 (5th Cir. 2011) (although Internet commerce has exposed courts to many new situations, contract principles remain unchanged).

¶12 BuildDirect contends its "Terms of Sale", housed on its website, was incorporated by reference into the Contract. It asserts that the quotation marks encapsulating the phrase "Terms of Sale" in the written contract places the Walkers on notice to the existence of an extraneous document to be incorporated into the parties' agreement. The Walkers, on the other hand, contend they neither had notice of nor assented to the additional terms housed on BuildDirect's website. Rather, the Walkers maintain that the Contract contained all relevant terms and failed to identify or give the location of an internet sales agreement.

¶13 A chief consideration of incorporation is whether the party to be bound had reasonable notice of and assented to the terms to be incorporated. One Beacon Ins., 648 F.3d at 269. A party is deemed to have notice of incorporated terms where a reasonable prudent person, under the particular facts of the case, should have seen them. One Beacon Ins., 648 F.3d at 268; See generally Cooper v. Flesner, 1909 OK 137, 103 P. 1016, 1020-1027 ("notice" is knowledge of facts and circumstances that would alert a reasonable, prudent person to investigate). But, a party's failure to read duly incorporated terms will not excuse the obligation to be bound. See McDonald v. McKinney Nursery Co., 1914 OK 438, 143 P. 191. Further, neither physical attachment nor magic words are necessary. See Monkey Island Dev. Auth., 2003 OK CIV APP 64, ¶¶ 16-17, 76 P.3d 84, 88 (finding incorporation by reference of additional provisions not affixed to the parties' contract where express language of incorporation was used); 11 Williston on Contracts § 30:25. But, incorporation will fail when this Court must employ a forced construction to "construe an ambiguity . . . to import a more favorable consideration to either party than that expressed in the contract." Porter v. Okla. Farm Bureau Mut. Ins. Co., 2014 OK 50, ¶ 13, 330 P.3d 511, 515. Such a standard ensures that Oklahoma consumers are protected from deceptive and unfair trade practices.

¶14 Applying the foregoing principles to the facts of this case, this Court concludes that BuildDirect's "Terms of Sale" were not properly incorporated into the parties' Contract. "A contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting, so far as the same is ascertainable and lawful." Scungio v. Scungio, 2012 OK 90, ¶ 18, 291 P.3d 616, 622 quoting Okla. Stat. tit. 15, § 152 (2011). This Court ascertains the parties' mutual intentions from the four corners of the contract. Id. Merely placing quotation marks around the phrase terms of sale, without more, was insufficient to convey to the Walkers that BuildDirect was making reference to anything other than the multitude of sales terms already expressly enumerated within the four-corners of the Contract. The Contract, as presented, embodied all relevant contract terms and conditions. Certainly the phrase "Terms of Sale" fails to clearly and unambiguously state that the parties intended to incorporate any additional terms beyond the four-corners of the Contract. That oblique reference falls short of this Court's demanding standard. And, it buttresses this Court's conclusion that, the Walkers neither assented to nor had notice of the additional online terms.

¶15 If BuildDirect intended to make the online "Terms of Sale" part of the parties' agreement, BuildDirect could easily have accomplished that purpose by drafting the Contract employing words of express incorporation or clearly referencing, identifying and directing the Walkers to the document to be incorporated. In this Court's view, BuildDirect's reliance upon incorporation by reference must, as a matter of law, fail. Indeed, the Contract as presented gives every appearance of being a complete agreement-capturing the price, payment method, delivery and sales terms expressly enumerated in the Contract. No reasonable prudent person, under the particular facts of this case, would have notice to think otherwise. Therefore, BuildDirect's attempt at incorporation was nothing more than a vague allusion.

CONCLUSION

¶16 For the reasons stated herein, Oklahoma law does not recognize a vague attempt at incorporation by reference as demonstrated in this action. Under the Oklahoma law of contracts, parties may incorporate by reference separate writings, or portions thereof, together into one agreement where (1) the underlying contract makes clear reference to the extrinsic document, (2) the identity and location of the extrinsic document may be ascertained beyond doubt, and (3) the parties to the agreement had knowledge of and assented to its incorporation.

CERTIFIED QUESTION ANSWERED.

ALL JUSTICES CONCUR.

FOOTNOTES

[1] The "Doctrine of Incorporation," as recognized in Oklahoma, is a doctrine commonly recognized in the context of Probate law. See generally Miller v. First Nat. Bank & Trust Co., 1981 OK 133, 637 P.2d 75 (where the court acknowledged "[t]he doctrine of incorporation by reference is recognized in Oklahoma, and by a majority of other jurisdictions"). See also In re Estate of Richardson, 2002 OK CIV APP 69, 50 P.3d 584; Matter of Estate of Sneed, 1998 OK 8, 953 P.2d 1111; and In re Fullerton's Estate, 1962 OK 168, 375 P.2d 933. Those cases and their progeny are instructive in probate.

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2002 OK CIV APP 69, 50 P.3d 584, IN THE MATTER OF THE ESTATE OF RICHARDSON
Discussed
 2003 OK CIV APP 64, 76 P.3d 84, MONKEY ISLAND DEVELOPMENT AUTHORITY v. STATEN
Discussed at Length
 2010 OK CIV APP 96, 241 P.3d 1139, HIGH SIERRA ENERGY, L.P. v. HULL
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1998 OK 8, 953 P.2d 1111, 69 OBJ 482, IN THE MATTER OF THE ESTATE OF SNEED
Discussed
 1914 OK 438, 143 P. 191, 44 Okla. 62, McDONALD v. McKINNEY NURSERY CO.
Discussed
 1993 OK 110, 859 P.2d 1101, 64 OBJ 2858, Phillips v. Estate of Greenfield
Discussed
 1914 OK 636, 145 P. 316, 45 Okla. 70, AETNA LIFE INS. CO. v. BRADFORD
Discussed
 1958 OK 23, 321 P.2d 680, CURREY v. WILLARD STEAM SERVICE
Discussed
 1962 OK 168, 375 P.2d 933, IN RE FULLERTON'S ESTATE
Discussed
 1909 OK 137, 103 P. 1016, 24 Okla. 47, COOPER v. FLESNER
Discussed
 2007 OK 75, 175 P.3d 567, THOMPSON v. BAR-S FOODS COMPANY
Cited
 2012 OK 90, 291 P.3d 616, SCUNGIO v. SCUNGIO
Discussed
 2014 OK 50, 330 P.3d 511, PORTER v. OKLAHOMA FARM BUREAU MUTUAL INSUR. CO.
Discussed
 1981 OK 133, 637 P.2d 75, Miller v. First Nat. Bank & Trust Co.
Discussed
 1926 OK 449, 247 P. 967, 121 Okla. 132, CONTINENTAL SUPPLY CO. v. LEVY
Discussed at Length