FILED
United States Court of Appeals
Tenth Circuit

May 29, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ERIC WALKER; SHANNON WALKER,

      Plaintiffs - Appellees,

v.

BUILDDIRECT.COM
TECHNOLOGIES, INC.,

      Defendant - Appellant.

No. 12-6261
(W.D. Oklahoma)
(D.C. No. 5:11-CV-00800-D)

**ORDER AND JUDGMENT**[*]

Before, **HARTZ**, **MCKAY**, and **MATHESON**, Circuit Judges.

The essentials of this case have previously been set forth in our request to the

Supreme Court of Oklahoma to accept a certified question of Oklahoma law, *see Walker*

*v. BuildDirect.com Technologies, Inc.*, 733 F.3d 1001 (10th Cir. 2013), and the opinion

of that court answering the certified question, *see Walker v. BuildDirect.com*

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Technologies, Inc.*, No. 112075, 2015 WL 2074964 (Okla. May 5, 2015). Therefore, our discussion can be brief.

The Walkers sued BuildDirect in the United States District Court for the Western District of Oklahoma on several causes of action seeking damages for the alleged delivery of flooring infested with wood-boring insects. BuildDirect moved to compel arbitration, invoking the arbitration provision in a document available on its website. The district court denied the motion to compel, and BuildDirect appealed to this court. Uncertain whether under Oklahoma law the Walkers were bound by the provisions of the website document, we certified the question to the Oklahoma Supreme Court. That court has now informed us that the Walkers were not bound by the provisions. If the Walkers are not bound, then BuildDirect cannot compel arbitration and the district court's order denying the motion to compel must be affirmed.

Upon receipt of the Oklahoma decision we requested responses from the parties regarding how we should proceed. BuildDirect argues that the decision does not resolve this appeal, because its contract with the Walkers is governed by the Oklahoma Uniform Commercial Code and the decision did not address the application of the UCC to the contract. This argument comes too late. BuildDirect's precertification briefs to this court made no reference to the UCC. Any argument based on that statute is therefore waived. The decision of the Oklahoma Supreme Court resolves this appeal.

2

We AFFIRM the district court's decision denying BuildDirect's motion to compel arbitration.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge