## YARGEE et al. v. YARGEE et al.

No. 24792.   March 26, 1935.

Wilkinson & Smith and R. A. Hockensmith, for plaintiffs in error.

Herbert E. Smith, for defendants in error.

PER CURIAM. This is an appeal by transcript from the judgment of the district court of Okmulgee county, Okla., in an action in ejectment in which the defendant in error John Yargee was plaintiff, the defendant in error Lucile Yargee was intervener, and the plaintiffs in error and the defendant in error G. L. Sandlin were defendants. For convenience, the defendants in error John Yargee and Lucile Yargee will be hereinafter referred to as plaintiffs, and the plaintiffs in error and G. L. Sandlin will be hereinafter referred to as defendants.

This suit involves certain lands in Creek county, Okla., which were allotted to one Manda Yargee, a full-blood Creek Indian woman, as her distributive share of the lands of the Creek Nation. Manda Yargee died on February 17, 1932, seized and possessed of the said lands, and leaving a will, dated the 6th day of January, 1930, duly executed by her in conformity to law, by the terms of which she disinherited her son, John Yargee, and her granddaughter, Lucile Yargee, two of the plaintiffs. This will was duly approved by the county judge of Creek county, Okla., in conformity with the provisions of section 23 of the Act of Congress of April 26, 1906, as amended by section 8 of the Act of Congress of May 27. 1908. And the will was also acknowledged by said Manda Yargee before the said county judge, by her appearing before him in person and acknowledging it as her free and voluntary act and deed for the uses and purposes therein set forth. But this will having been executed by her mark on the 6th day of January, 1930, the plaintiffs take the position that the acknowledgment is void, as it did not conform to section 9703, Okla. Stat. 1931, which was in force at the time of the execution of this will, and which requires, when the instrument is executed by mark, that the officer taking the acknowledgment shall state that the grantor executed the instrument "by her mark, in my presence and in the presence of _____ and _____, as witnesses." That, therefore, the will in question is invalid, and they are entitled to recover the possession of their respective interests in and to the lands involved, which they would have inherited from said Manda Yargee but for such will.

So that the sole and only question involved in this case is the validity of the acknowledgment of Manda Yargee to the will in question.

We are not impressed with the argument of counsel for the plaintiffs that the validity of this acknowledgment depends upon the provisions of the statutes of Oklahoma in regard to the acknowledgments of instruments affecting real estate, for the reason that the statutes of Oklahoma never have, and do not now require any acknowledgment to a will. The only place that our statutes mention an acknowledgment in regard to a will is in the second paragraph of section 1546, Okla. Stat. 1931, which says that the subscription to a will must be made in the presence of the attesting witnesses, or be acknowledged by the testator to them to have been made by him, or by his authority. This does not require any acknowledgment before an officer, but only to the attesting witnesses that the will was made by him or by his authority. And the subscription to the will of Manda Yargee in question was made in the presence of the attesting witnesses, and the validity of its execution is not challenged. It is a perfectly valid will under the laws of the state of Oklahoma, and as the Oklahoma statutes do not require a will to be acknowledged, it is only by virtue of the provisions of the federal statute that the will in question is required to be acknowledged at all. And, further, under the Oklahoma law, acknowledgments to instruments affecting real estate are not required as a part of the execution of the same. and the absence of an acknowledgment in no way affects the validity of the instrument as between the parties. The purpose of requiring acknowledgments to these instruments is to entitle them to be recorded. On the other hand, the acknowledgment to a will of a full-blood Indian, such as the one in question, required by the federal law, does affect the validity of the instrument by its very terms. It is thus apparent that the object and purpose of an acknowledgment to the will of a full-blood Indian, under the federal law, is entirely different from the object and purpose of the acknowledgments to instruments affecting real estate, required under the state laws. These objects and purposes being entirely different, we do not think that the provisions of the state law as to acknowledgments affecting real estate necessarily apply here.

Now, it is quite clear that the provisions of the federal statute applicable here make no provision or requirement whatsoever as to how the will of a full-blood Indian, which disinherits her child, shall be executed, but the manner of its execution is left entirely to the state law. But if the contentions of the plaintiff is the law, then this would not be the case, for the reason that, in order for the will to be valid, the testator in this case would be required to execute the will, not only in the presence of two attesting witnesses, as required by the state law, but also in the presence of the county judge. for the acknowledgment which the plaintiffs contend is absolutely necessary in this case requires the county judge to certify to that very thing so that it must be done. So that, if the position of the plaintiffs is correct, then Manda Yargee could not have validly executed the will in question, without doing so in the presence of the county judge. We do not think that this is the law for the reason that the Act of Congress in question clearly leaves the question as to how the will shall be executed to the law of the state. And the acknowledgment of a will under the said act is not a part of the execution of the will. See Armstrong et al. v. Letty et al., 85 Okla. 205, 209 P. 168; Also Coats v. Riley, 154 Okla. 291, 7 P. (2d) 644.

It is our opinion that the requirements as to the execution of the will in question are controlled by the provisions of the state law alone, and this will having been validly executed under that law, that it could afterward be validly acknowledged before the county judge the same as if the testator had been able to write and had written her name instead of executing it by her mark.

The will of Manda Yargee in this case is unquestionably valid under the state law. The acknowledgment to make it valid under the circumstances which exist here is required by the applicable provisions of the federal statutes only, so that we must look to these latter provisions to determine its validity. The federal statute requires only that such a will must be acknowledged before the county judge. It does not say that the acknowledgment must be according to the state law, nor does it provide any form of acknowledgment, nor make any regulations or requirements whatsoever in that regard. Therefore, we think that this will must be acknowledged, taking the word "acknowledge" in its ordinary legal meaning. What is that meaning? We find it expressed in volume 1, R. C. L. p. 252, sec. 1, as follows:

"It is a public declaration by the grantor that the act evidenced by the instrument is his act and deed."

And again, in volume 1, C. J., at page 745 sec. 1, as follows:

"An acknowledgment, in its broad general sense, is an admission, but in the technical, legal sense, as here used, the term means a formal declaration of admission before an authorized court or public officer, by a person who has executed an instrument, that such instrument is his act and deed."

The acknowledgment here to the will in question acknowledges it, not only as her act and deed, but as her free and voluntary act and deed for the uses and purpose therein set forth. And, further, the testator declared that the instrument was her last will and testament, and that the same was read over to her, and that she fully understood its contents before the execution thereof.

Now, if the statute does not require any particular form of acknowledgment, it will be good if it appears that the person executing the instrument appeared before the officer and acknowledged it as her act and deed. We quote from volume 1, R. C. L. p. 256, as follows:

"Where no statutory form of acknowledgment is required for a particular instrument, it is sufficient if the fair import of the certificate is that the grantor appeared in person before the officer and acknowledged the instrument to be his act and deed."

And in volume 1, C. J., at page 841, sec. 182, is the following:

"Where the statute merely requires the instrument to be acknowledged, without prescribing any form of certificate, or providing what it shall contain, a certificate is sufficient which fairly shows that the grantor appeared before the officer and acknowledged the instrument to be his act and deed."

Under these authorities, the acknowledgment to the will before us is unquestionably good.

Holding, as we do, that the acknowledgment here required is controlled by the provisions of the federal law only, let us now inquire as to what was the object and the purpose of the Congress, in passing this act, and when that is ascertained, whether or not the acknowledgment in question meets with those objects and purposes. The question as to the objects and purposes of this act is answered by the Supreme Court of the United States, in the case of Davis v. Williford, 271 U. S. 484, 70 L. Ed. 1048, from which we quote as follows:

"It is clear that it was intended by this proviso to prevent a full-blood Indian from being overreached and imposed upon, and induced for an inadequate consideration, or by trickery, to deprive his heirs of their inheritance; and that, to this end, a will devising his land to other persons should not be valid unless acknowledged before and approved by a judicial or quasi-judicial officer of the United States. To make certain of this, the officer was not to approve the will unless the testator appeared before him in person and acknowledged its due execution, and, upon the examination of the testator, the will appeared to be of such a character and based upon such consideration as to warrant its approval. Plainly, it was not intended that such acknowledgment and approval should be a perfunctory matter. And as the will when probated and recorded would be a muniment of title to land, necessarily a certificate both of the acknowledgment and the approval should appear upon it."

So, in this case, the county judge who approved the will and took the acknowledgment of Manda Yargee was acting as an officer of the United States, to see that there was no overreaching, duress, trickery, or fraud, connected with the matter. These were the objects and purposes to be attained by requiring the acknowledgment and approval of the will. No technicalities whatsoever, either in the acknowledgment or approval of the will are required, nor are they in any way necessary to obtain these ends. The certificate of acknowledgment to the will in question shows that it was acknowledged by the testator as her free and voluntary act and deed for the uses and purposes therein mentioned and set forth, in the presence of the county judge, and that the will was read over to her and that she fully understood its contents prior to execution. Evidently, from the recitals in this certificate, the county judge had fully performed his duties as an officer of the United States, and was fully satisfied that there was nothing wrong in the matter. No undue influence, fraud or wrongdoing of any kind in the execution of this will is alleged or shown, and as every object and purpose of the federal law has been obtained, it is our opinion that both the acknowledgment and the will are valid, and that the decision of the lower court should be reversed, and the cause remanded to the lower court, with instructions to sustain the defendants' demurrers to the plaintiffs' petition.

The Supreme Court acknowledges the aid of Attorneys W. H. H. Clayton, James H. Gordon, and Geo. M. Porter in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial

Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Clayton and approved by Mr. Gordon and Mr. Porter, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.