## BRETCH et al. v. WHITE et al.

No. 25952. May 4, 1937.

R. H. Brett and Ernest B. Lykins, for plaintiffs in error.

C. F. Green, for defendants in error.

HURST, J. The question for our determination is whether notes and a real estate mortgage, signed by mark but not in compliance with the statutory requirements, are validated by the acknowledgment on the mortgage, regular in form, and by proof that such mark was in fact made and the money received by the mortgagors.

There is no dispute about the facts. Sallie M. White and Maud H. White, her daughter, borrowed $3,500 from Sam Bretch and executed a series of notes and a mortgage as security. He paid the money pursuant to their instructions, most of it going to a creditor of Maud White. The name of Sallie M. White was written on the notes and mortgage for her, by Maud White, her daughter, in her presence and at her request. Sallie M. White then made her mark on the papers. No one signed the notes as a witness. The signature on the mortgage, however, was witnessed in the following manner:

"The name of Sallie M. White was written by me in her presence and mark made by her in my presence and at her request.

"Maud M. White
"C. P. Williams
"J. G. Griffitts."

C. P. Williams was the son-in-law of Sam Bretch, and he and J. G. Griffitts negotiated the loan and received a commission of $350 out of the money borrowed. The acknowledgment on the mortgage was regular in form and complied with the requirements of sections 9702 and 9703, O. S. 1931, relating to the acknowledgment of instruments signed by mark.

Subsequent to this transaction, the house on the mortgaged property was destroyed by fire and the administrator of the estate of Sallie M. White, who had died, collected $2,000 insurance money and paid it to Sam Bretch to be applied on the indebtedness. Sam Bretch having also died, this action was commenced by his executors against Maud White and the administrator and other heirs of Sallie M. White to foreclose the mortgage. The defendants claimed that the notes and mortgage were void, and filed a cross-petition seeking to recover back the $2,000 insurance money. The case was tried without a jury, and the court found that the notes and mortgage were void and rendered judgment for the defendants, but refused to order the return of the insurance money. The plaintiff brings this appeal on the ground that the court erred in finding the notes and mortgage void, and the defendants have filed a cross-appeal claiming that the court erred in refusing to give them judgment for the return of the insurance money.

1. From these facts it appears that the notes did not comply with section 26, O. S. 1931, requiring that when a person signs by mark, his name should be written near it by a person who writes his own name as a witness, and the signature on the mortgage was not attested by disinterested witnesses as required by section 9703, O. S. 1931, and construed in Wagner v. Davidson (1927) 127 Okla. 199, 260 P. 37. Therefore it is clear that the statutory requirements of attestation have not been met, and the only question is whether these instruments were validated by the acknowledgment on the mortgage.

It has become settled law of this state in regard to deeds that the certificate of the notary as to the acknowledgment of the execution of the deed is a sufficient compliance with the requirements of attestation by witnesses to the grantor's signature. The theory is that the grantor adopts the signature by appearing and declaring it as his own. Elem v. Mohannah (1936) 177 Okla. 597, 61 P. (2d) 241; Likowski v. Catlett (1928) 130 Okla. 71, 265 P. 117, 57 A. L. R. 517 and note. See, also, 1 Am. Jur. 325. The statute under discussion was taken from Arkansas in 1913 and the construction placed upon it by the Supreme Court of Arkansas prior to that time was that if a person signs by mark, without the person who writes his name

signing as a witness, and even when no one signs as a witness at all, the signature will nevertheless be valid if it is proved as genuine by other testimony. This construction is adopted in this state in absence of direct expression to the contrary. U. S. v. Black. (1917) 247 Fed. 942; Chipman v. Perdue (1918) 135 Ark. 559, 205 S. W. 892; and Henry v. Union Sawmill Co. (1926) 171 Ark. 1023, 287 S. W. 203, citing cases prior to 1913.

In the case at bar, the acknowledgment was taken before a disinterested notary and was regular in all respects. The record clearly shows that Sallie M. White made her mark to the instruments and that the money was in fact paid pursuant to her order. Under these circumstances the instruments were validated irrespective of the failure to comply with the statute, supra.

The cases relied on by defendants are distinguished in Likowski v. Catlett, supra, in that they do not deal with instruments which have been properly acknowledged. In addition to that, they are distinguishable by their failure to show the execution of the mark by admission of competent evidence.

2. It is argued, however, that a different rule should apply to the notes, inasmuch as they contained no acknowledgment. But as the notes and mortgage are part of the same transaction and given for the same indebtedness, they will be construed together as one contract, and the proper acknowledgment and proof of signing give validity to all instruments in this transaction. Section 9466, O. S. 1931; Oklahoma City Development Co. v. Pickard (1915) 44 Okla. 674, 146 P. 31; Rennie v. Oklahoma Farm Mortgage Co. (1924) 99 Okla. 217, 226 P. 314.

In view of our holding, it is not necessary to discuss the cross-appeal of the defendants. The judgment is reversed, with instructions to enter personal judgment against the defendant Maud H. White, and judgment for foreclosure of the mortgage against all the defendants.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, and CORN, JJ., concur.