Hubert COFFEY, Plaintiff in Error,

v.

Elizabeth CONNEY, Defendant in Error.

No. 39519.

Supreme Court of Oklahoma.

May 8, 1962.

Gavin & King, Tulsa, for plaintiff in error.

Primus C. Wade, Tulsa, for defendant in error.

PER CURIAM.

This is an appeal by contestant from a judgment of the District Court affirming a judgment of the County Court admitting to probate an instrument purporting to be the last will and testament of Georgia Tucker, deceased.

Mrs. Tucker was an elderly person who could not write, and the attestation clause on the will recites that her name was written on the will for her by Nada Mae Martin, one of three attesting witnesses. It also recites that "Georgia Tucker made her mark" thereon.

There was no conflict in the evidence presented at the hearing on the petition for probate of the will, so far as execution is concerned. All witnesses testified that testatrix asked Mrs. Martin to sign her name for her, and the statement in the attestation clause that all signatures were made "in her presence and in the presence of each other" is supported by substantial evidence. However, no witness could testify positively that he saw Mrs. Tucker make the mark on the will, although the third witness (the lawyer who drafted the will) testified that "I have no independent recollection. I am sure I would not have permitted it to be placed there if she had not made it * * *".

This last circumstance (no positive testimony that testatrix made the mark on the will) gives rise to this appeal. Contestant argues that for that reason the court erred in admitting the will to probate.

84 O.S.1961 § 55, provides in part as follows:

"Every will, * * *, must be executed and attested as follows:

"1. It must be subscribed at the end thereof by the testator himself, *or some person, in his presence and by his direction, must subscribe his name thereto.*

"2. The subscription must be made in the presence of the attesting witnesses, *or be acknowledged by the testator* to them, *to have been made by him or by his authority."* (Emphasis supplied.)

The above section of the statute, which governs the execution of wills in this state,

makes no reference to a subscription or signature by mark. Contestant argues, however, that it "pre-supposes" that a mark was made. He cites no authority directly in point, but invites our attention to 25 O.S. 1961, § 26, which provides in part as follows:

"* * * 'signature' or 'subscription' includes mark, when the person cannot write, his name being written near it, and written by a person who writes his own name as a witness. * * *"

This section of the statute does not purport to say how wills shall be executed. It says merely that "signature" or "subscription" *includes* mark. It does not say that other meanings are excluded.

Contestant also cites, by way of analogy, the following provisions of 16 O.S.1961 § 34:

"When real estate is conveyed or encumbered by an instrument in writing by a person who cannot write his name, he shall execute the same by his mark, and his name shall be written near such mark by one of two persons who saw such mark made, who shall write their names on such instrument as witnesses. * * *"

■ Contestant infers from this section of the statute that conveyances of real estate in this state (and, by analogy, wills) must bear either the actual signature of grantor, or the mark actually made by him. Such is not the case. For instances in which valid conveyances were made which bore the "signature" of grantor as written for him by another at his request, or in which grantor "adopted" his signature as written for him by another, see Jackson v. Central Commercial Oil Co., 199 Okl. 177, 184 P.2d 974; Combs v. Larimore, 106 Okl. 48, 233 P. 231. See also 16 Am.Jur. Deeds, Sec. 95.

■ Wills executed by mark have long been recognized in this jurisdiction; see Wattenbarger v. Wattenbarger, 39 Okl. 531, 135 P. 1141; and In re Me-Hun-Kah's Estate, 78 Okl. 214, 189 P. 867.

84 O.S.1961 § 55, plainly authorizes another method of execution: subscription of the name of testator by some other person, in the presence and at the direction of the testator. Such subscription must also be in the presence of attesting witnesses, or, in the alternative, must be acknowledged by testator to the attesting witnesses as having been made by his authority.

■ Contestant, in his brief, states the precise question before us as follows: does it matter whether or not decedent made a mark if someone else signed for her?

Although this identical issue has not been before this court before, we hold that it does not where there has been a full and complete compliance with the applicable provisions of 84 O.S.1961 § 55, supra.

84 O.S.1961 § 55 was taken from the Compiled Laws of Dakota, Sec. 3313. It has survived in practically unchanged form in the Compiled Laws of North Dakota, Sec. 5649. Construing that section of their statute, the Supreme Court of North Dakota held in In re Starke's Estate, 67 N.D. 178, 271 N.W. 131, that where the name of testator is properly subscribed to a will by another at testator's request, whether or not testator makes a mark on the will is immaterial.

The statutory requirements for the execution of wills in the state of California are substantially the same as ours (California Probate Code, Sec. 50). The Supreme Court of California has held (In re Dombrowski's Estate, 163 Cal. 290, 125 P. 233) in effect that where a will has been properly executed by a person who subscribes testator's name at his request, it does not matter that the execution is insufficient when considered as an execution by mark. See also 94 C.J.S. Wills § 173, wherein it is said:

"* * * The other requirements being met, it has been held that any signature or mark made as and for the testator's completed signature and adopted by him as such is sufficient. The effect is the same as though writ-

ten by the testator himself, and it is not necessary for him to attach his mark to give validity to the will when so signed."

In the case before us, the clear weight of the evidence is to the effect that the name of Mrs. Tucker was subscribed to her will, in her presence, and at her direction, by the witness Nada Mae Martin. Such being the evidence in this case the failure to execute the will by mark is not fatal to its validity under the provisions of 84 O.S.1961 § 55, supra.

There being no other issues presented in this appeal the judgment of the trial court is affirmed.

The Court acknowledges the aid of the Supernumerary Judge, N. S. CORN, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, the foregoing opinion was adopted by the Court.