2013 OK CIV APP 59

**Chris MILLER and Jon Freeman, Plaintiffs/Appellants,**

v.

**Markham P. JOHNSON, Jr., Defendant/Appellee.**

**No. 110,863.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 12, 2013.

Certiorari Denied June 3, 2013.

Grant E. Cheadle, Cheadle & Associates, Inc., Tulsa, Oklahoma, for Plaintiffs/Appellants.

Gentner F. Drummond, Taylor A. Burke, Drummond Law Firm, P.L.L.C., Tulsa, Oklahoma, for Defendant/Appellee.

BRIAN JACK GOREE, Judge.

¶ 1 Appellants, Chris Miller and Jon Freeman, commenced an action for "tortious interference with an expectation of inheritance." The trial court concluded Oklahoma has not recognized the tort and dismissed the case. The narrow issue presented for review is whether the court erred "in failing to recognize the cause of action for tortious interference with an expectation of inheritance as a viable cause of action in Oklahoma." We affirm because the Supreme Court has not recognized this specific theory of recovery.

¶ 2 In 2004, Herbert Frederic Miller (Decedent) executed a Last Will and Testament disposing of his estate equally to Appellants. When Decedent's health started to decline, Markham P. Johnson, Jr. began managing Decedent's daily affairs. Johnson and Decedent had been close friends since grade school.

¶ 3 Johnson persuaded Decedent to execute a new will. The 2011 will included Decedent's sister and Decedent's deceased stepson as beneficiaries. Decedent died about five months later.

¶ 4 Appellants filed "Petition For Tortious Interference With An Expectancy." They alleged numerous facts and claimed (1) they had a reasonably definite expectation of receiving an inheritance from Decedent's estate; (2) Johnson knowingly and intentionally interfered with their expectancy; (3) the interference was actionable on the basis of undue influence; and (4) it was reasonably certain the entire estate would have been divided equally between them but for Johnson's interference. The petition requests damages based on a single theory of liability, "tortious interference with expectation of inheritance."

¶ 5 Johnson filed a motion to dismiss for failure to state a claim upon which relief can be granted. 12 O.S.2011 § 2012(B)(6). He cited *In the Matter of Estate of Estes*, 1999 OK 59, ¶ 16, fn. 2, 983 P.2d 438, 442 and argued Oklahoma has never recognized the alleged theory as an actionable tort.

¶ 6 Appellants distinguish *Estes* by explaining it was an action for recovery of estate property taken by the personal representative. In contrast, they claim their action is brought "in tort for in personam relief" against Johnson. They argue *Estes* did not address the issue of whether or not the State of Oklahoma recognizes the tort of wrongful interference of an inheritance. However, Appellants admit Oklahoma "has yet to officially recognize the separate and distinct cause of action for tortious interference of an inheritance."

¶ 7 An order dismissing a case for failure to state a claim upon which relief can be granted is subject to a *de novo* review. *Tuffy's, Inc. v. City of Oklahoma City*, 2009 OK 4, ¶ 6, 212 P.3d 1158, 1162. A pleading must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle the plaintiff to relief. *Id.* A plaintiff is required neither to identify a specific theory of recovery nor to set out the correct remedy or relief to which he may be entitled. *Darrow v. Integris Health, Inc.*, 2008 OK 1, ¶ 7, 176 P.3d 1204, 1208–1209.

¶ 8 The parties are correct in their assertion that the Supreme Court has not recognized tortious interference with an expectation of inheritance as a recoverable theory of liability. The action in *Estes* involved claims of a legatee of a will against the personal representative. Plaintiff sought removal of the personal representative and recovery of property allegedly taken by the personal representative before the decedent's death. Plaintiff filed a motion in the probate court and commenced a separate action in district court for damages. The same trial judge heard all issues. In the probate case, the court found the legatee had proven a cause of action for tortious interference with his right to inherit. *Estes*, 1999 OK 59, ¶ 18, 983 P.2d at 443. On appeal, the Supreme Court decid-

ed the civil case sought relief for the benefit of the estate and not a monetary damage award in tort. *Estes*, ¶ 16, fn. 2. "Because the suit was not one in tort, we need not address the issue of whether Oklahoma recognizes a tort for wrongful interference of an inheritance as urged by [legatee]." *Id.* We interpret *Estes* to mean Oklahoma has never recognized wrongful interference with inheritance as a cognizable tort, and our examination of the law does not indicate otherwise.

¶ 9 Claims for intentional interference with commercial interests have been recognized in several variations. *Mac Adjustment, Inc. v. Prop. Loss Research Bureau*, 1979 OK 41, ¶ 4, 595 P.2d 427, 428 (malicious interference with contract or business relations); *Gaylord Entertainment Co. v. Thompson*, 1998 OK 30, ¶¶ 48–49, 958 P.2d 128, 149 (tortious interference with advantageous business relations); *McNickle v. Phillips Petroleum Co.*, 2001 OK CIV APP 54, ¶ 21, 23 P.3d 949, 953 (tortious interference with a prospective economic advantage).

■ ¶ 10 In *Zaharias v. Gammill*, 1992 OK 149, 844 P.2d 137, the Supreme Court reviewed the trial court's order dismissing a father's claim against his wife's parents for intentional interference with his custodial rights to his children. The Court stated, "this cause of action has never been recognized in this state." *Zaharias*, ¶¶ 1–2, 844 P.2d at 138. The father failed to allege a cause of action cognizable under Oklahoma law. *Id.* at ¶ 19, 844 P.2d at 140. Therefore, it was not error for the trial court to dismiss the cause of action for failure to state a claim upon which relief could be granted. *Id.* We reach the same conclusion in this case.

¶ 11 This appeal does not require that we consider whether the facts alleged in the petition would support a claim under some other theory. Upon granting the motion to dismiss, the trial court was careful to advise Appellants they could amend their petition within twenty days. Appellants did not file an amended petition and the court filed a final judgment of dismissal pursuant to 12 O.S.2011 § 2012(G). Appellants stated the issue on appeal is whether "the trial court erred as a matter of law in failing to recognize the cause of action for tortious interfer-

ence with an expectation of inheritance as a viable cause of action in Oklahoma."

¶ 12 Appellants propose the new tort may be actionable under a reasonable extension of the established torts (1) interference with a prospective economic advantage, and (2) tortious interference with advantageous business relationships or prospective economic relations. Appellants asked the trial court to "adopt the new cause of action" because it is supported by a reasonable extension of Oklahoma common law.

¶ 13 In *Tarrant v. Guthrie First Capital Bank*, 2010 OK CIV APP 82, ¶ 15, 241 P.3d 280, 284, the court concluded it was error for the trial court to instruct the jury on the theory of "prima facie tort." The opinion states, "[U]ntil the Supreme Court expressly adopts the prima facie tort theory of recovery, we are unwilling to do so." *Tarrant v. Guthrie First Capital Bank*, 2010 OK CIV APP 82, ¶ 15, 241 P.3d 280, 284.

¶ 14 We conclude the trial court did not commit error in dismissing the claim for tortious interference with an inheritance because it is not a cognizable claim. We will not create or adopt this new tort. The order is AFFIRMED.

HETHERINGTON, P.J., and MITCHELL, J., concur.