2016 OK CIV APP 50

### Jeromy MURANO, Plaintiff/Appellant,

v.

### Heather JACOBS, David Crowley, Daniel Crowley and Julie E. Wagoner, Defendants/Appellees.

### Case Number: 113521

Court of Civil Appeals of Oklahoma, Division No. 2,
**DIVISION II.**

Decided: 04/26/2016

Mandate Issued: 07/26/2016

have been due to that charge.

Todd Alexander, The Alexander Law Firm, PLLC, Tulsa, Oklahoma, for Plaintiff/Appellant.

Gene E. Griffin, The Griffin Law Office, P.C., Tulsa, Oklahoma, for Defendants/Appellees.

P. THOMAS THORNBRUGH, PRESIDING JUDGE:

¶1 Jeromy Murano appeals the declaratory judgments of the district court that he was properly excluded by amendment as a beneficiary of the Murano Revocable Trust, and was not an "omitted child" entitled to share in Nancy Murano's estate. On review, we affirm the decision of the district court.

## BACKGROUND

¶2 In September 1997, Ralph and Nancy Murano created the "Murano Revocable Trust" (Trust). The Trust made Ralph and Nancy Murano trustees, and dedicated the benefits of the Trust to themselves during their lifetimes. It appointed new trustees upon the deaths of Ralph and Nancy, and provided for shares to nine beneficiaries, including plaintiff Jeromy Murano (Murano). At the same time, Nancy Murano made a will (Will) bequeathing all residue of her estate to the Trust. In January 2013, after Ralph Mu-

rano's death, Nancy Murano made amendments to the Trust, deleting the existing paragraph on beneficiaries, and adding a new paragraph listing only four beneficiaries. Jeromy Murano was not among these amended beneficiaries. Nancy Murano was ill with multiple sclerosis at the time of the amendment, and having considerable difficulty writing. She signed the amendment with a 'X' and her initials, although she did later manage to sign a notarized document requesting her attorney to implement the Trust amendment.

¶3 After Nancy Murano's death, Jeromy Murano challenged this Trust amendment, claiming her mark and initials were legally insufficient to amend the Trust. He later added theories that Nancy Murano was not competent at the time of the amendment, and that he was an "omitted child" or pretermitted heir in the Will, and entitled to a share of the Trust property pursuant to 84 O.S. 132, and *In re Estate of Richardson*, 2002 OK CIV APP 69, 50 P.3d 584. In November 2014, the district court issued a declaratory judgment finding that: 1) Murano was not a pretermitted heir, and 2) Nancy Murano's amendments to the Trust were legally effective to remove Murano as a beneficiary. Jeromy Murano now appeals.

## STANDARD OF REVIEW

■ ¶4 Issues that arise in the context of administration of trusts are matters of equitable cognizance. *See In re Lorice T. Wallace Revocable Trust*, 2009 OK 34, 219 P.3d 536. "In an equitable matter, the Court will examine the whole record and weigh the evidence, but the trial court's findings will not be disturbed in that review unless they are clearly against the weight of the evidence or some governing principle of law." *Id.* "Probate proceedings are of equitable cognizance." *In re Estate of Holcomb*, 2002 OK 90, ¶8, 63 P.3d 9. "The emphasis of the judicial process from beginning to end is to discern and effectuate the decedent's dispositive intent." *Id.* We will not disturb the trial court's decision unless it is "found to be clearly contrary to the weight of the evidence or to some governing principle of law." *In re Estate of Maheras*, 1995 OK 40, ¶7, 897 P.2d 268. We are required to review questions of law, such as the construction of statutes,

under a de novo standard of review. *In re Estate of Jackson*, 2008 OK 83, ¶9, 194 P.3d 1269.

## ANALYSIS

■ ¶5 This appeal presents two questions of law. The first is whether the holding of *In re Estate of Richardson*, 2002 OK CIV APP 69, 50 P.3d 584, requires property to be distributed to Murano as an "omitted child" despite the Trust amendments. Title 84 O.S. 2011 132 provides:

> When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section.

¶6 In *Richardson*, the plaintiff sought an omitted child's share from the estate of his deceased father. The executor moved for summary judgment on the basis that decedent intentionally omitted plaintiff in an amendment to a pour-over trust executed after decedent's Will. *Id.*, ¶1. The trial court granted summary judgment, but Division I of this court reversed, holding that

> ... the provisions of a pour-over trust, which have been amended after a will is executed, are not incorporated by reference in the will so that the amended provisions of the trust constitute competent evidence of the testator's intent to omit an heir as required by Oklahoma's pretermitted heir statute.

¶7 *Richardson* thus held that an amendment to a trust mentioned in a will is not effective if it removes a child as a beneficiary of the trust unless the will is similarly amended to show a clear intent to omit the child from any distribution.

¶8 *Richardson* appears, however, to be in opposition to *Welch v. Crow*, 2009 OK 20, ¶5, 206 P.3d 599. In that case, an *inter vivos* trust conveyed property to **two children**, Jean Ann Morgan and Mary K. Crow. The associated will recognized that decedent had **four children**: Jean Ann Morgan, Mary K. Crow, Jerry Welch, and Martin Welch. Mar-

tin Welch was deceased at the time of the will's execution. *There was no language expressly omitting Martin Welch or his children from the will.* Martin Welch's children therefore sued to obtain a share of the trust property as pretermitted heirs.

¶ 9 The Supreme Court reiterated that:

Our recent opinion in *In re Estate of Jackson*, 2008 OK 83, 194 P.3d 1269, is dispositive of the question. There, we held that 132 "unambiguously pertains only to wills. It does not encompass a situation where a child is omitted from a trust, and we decline to extend its reach to revocable inter vivos trusts." In the instant cause, the grandchildren are not entitled to a statutory share in the Trust.

*Id.* The Supreme Court concluded that only the named beneficiaries of the trust should receive a distribution.

¶ 10 We find no authority indicating that the Supreme Court explicitly disavowed the rule of *Richardson* in these later cases. The question, therefore, is whether this case falls under the rule of *Richardson* (child omitted from will) or *Welch* (child omitted from trust). We find a crucial difference between this case and *Richardson.* In *Richardson*, the will did not refer to the son by name or by class. *Richardson*, ¶ 3. In this case, the will did refer to Murano as a child, and stated that the residue of the estate was to be distributed pursuant to the Trust agreement. The facts in this case are very close to those in *Welch,* and we find the result of *Welch* applicable in this case. We also find this result logical based on broader principles.

██ ¶ 11 A will that bequeaths the contents of a revocable trust in which the settlor is both trustee and beneficiary bequeaths *nothing* until the settlor's death. Hence, the intent of the testator is determined by the contents and provisions of the trust *at the time it becomes irrevocable.* Nancy Murano's intent shown in the Will was clearly and unambiguously to bequest to her heirs only what she gave them in the Trust instrument, *which was subject to change at any time before her death.* Murano was not omitted from the Will, but was bequeathed whatever the Trust provided for him. In this case it provided nothing. We find no principle that a worthless bequest renders the recipient an "omitted child." Rather, we find it logical that making a knowingly worthless bequest shows a clear intent to disinherit.

██ ¶ 12 The second question of law is whether the amendment to the Trust was valid, because it was signed with an 'X' and the settlor's initials. Murano argues that the Trust was a document involving or affecting the transfer of real property subject to 16 O.S. 2011 34, which provides that:

When real estate is conveyed or encumbered by an instrument in writing by a person who cannot write his or her name, the person shall execute the same by a mark, and the person's name shall be written near the mark by one of two persons who saw the mark made, who shall write their names on the instrument as witnesses. In case the instrument is acknowledged, then the officer taking the acknowledgment shall, in addition to the other necessary recitals in the acknowledgment, state that the grantor executed the instrument, by inserting in the form of acknowledgment provided in Section 33 of this title by individuals after the words "foregoing instrument" the words "by the person's mark, in my presence and in the presence of _____ and _____ as witnesses".

¶ 13 The Trust amendments in this case, signed with a 'X' and initials, were witnessed by others, but not attested to in the form required by 12 O.S. 34. The threshold question, therefore, is whether 34 applies in this case, i.e., was real estate "conveyed or encumbered" by the Trust amendments? Analyzing reported cases pursuant to 34, we find no case applying this statute to a trust amendment.[1] We must therefore turn to first principles. The Trust at issue was revocable

1. The more recent cases interpreting 34 are *Coffey v. Conney,* 1962 OK 107, 372 P.2d 226 (will); *Watson v. Johnson,* 1965 OK 115, 411 P.2d 498 (assisted signature on conveyance is not a "mark"); *Yargee v. Yargee,* 1935 OK 337, 171 Okla. 219, 42 P.2d 868 (provisions of the federal statutes restricting Indian transfers); *Combs v. Lairmore,* 1924 OK 237, 106 Okla. 48, 233 P. 231 ( words "his mark" not mandatory in statutory acknowledgment when deed signed by 'x'); *Ramsey v. Conner,* 1952 OK 54, 206 Okla. 39, 240 P.2d 1072 (quitclaim deed); *Jackson v. Cent. Commercial Oil Co.,* 1947 OK 257, 199 Okla. 177, 184 P.2d 974 (mineral deed).

during the life of the settlor and created no *immediate or vested future right* in the beneficiaries. Inherently, the amendment "conveyed" no property from Nancy Murano to the beneficiaries under those conditions. Nor did the amendments create any encumbrance upon the real estate that did not previously exist.[2] We find that the Trust amendment in this case was not a "conveyance or encumbrance" of real property, and was not subject to 34.

### CONCLUSION

¶ 14 A will is to be construed according to the intention of the testator. Where her intention cannot have effect to its full extent, it must have effect as far as possible. 84 O.S.2011 151. The intent of the testator in this case was to "pour over" all distributable assets into the Trust for the benefit of the Trust beneficiaries. She did not finally intend Murano to be a beneficiary of the Trust, or of the Will. To override that intention, we must find a clear statutory directive requiring us to do so. We find no such directive. The decision of the district court is affirmed.

¶ 15 **AFFIRMED.**

RAPP, J., and BARNES, J., concur.

---

2. We further note that requiring any transaction that may "affect" real estate to be subject to the rules for a transfer or encumbrance of real estate would bring a host of transactions within the scope of real estate law that have not traditionally been subject to it, and create a substantial "grey area" as to what does, or does not, sufficiently "affect" real estate to be subject to the rules.