OSCN Found Document:KIRTLEY V. KIRTLEY

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 KIRTLEY V. KIRTLEY
2025 OK CIV APP 4
567 P.3d 400
Case Number: 121723
Decided: 01/31/2025
Mandate Issued: 02/28/2025
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2025 OK CIV APP 4, 567 P.3d 400

 

JODY RAE KIRTLEY, Personal Representative of the Estate of J. Ross Kirtley, deceased, DEBRA J. KIRTLEY, an individual, and CARA COY, Personal Representative of the Estate of Sheryl J. Coy, deceased, Plaintiffs/Appellees/Counter-Appellants,
v.
PATSY KIRTLEY, individually and as Successor Trustee of the Wendell J.
Kirtley Revocable Trust dated May 30, 2006, as Amended July 17, 2015, and as
Trustee of the Patsy Ruth Kirtley Revocable Trust dated May 30, 2006, as
Amended July 17, 2015, and as Trustee of the Patsy Kirtley 2016 Trust dated June
2, 2016, as Restated August 28, 2017, and as trustee of a Constructive Trust Herein
Requested, Defendant/Appellant/Counter-Appellee.

APPEAL FROM THE DISTRICT COURT OF
KINGFISHER COUNTY, OKLAHOMA

HONORABLE PAUL K. WOODWARD, TRIAL JUDGE

AFFIRMED

Tyler L. Gentry, GOODWIN LEWIS, PLLC, Oklahoma City, Oklahoma,
and
Harold B. McMillan, Jr., Oklahoma City, Oklahoma, for Plaintiffs/Appellees/Counter-Appellants,

Denis P. Rischard, Elizabeth Ann Rischard Davis, RISCHARD & ASSOCIATES, PLLC, Oklahoma City, Oklahoma,
and
Michael W. Thom, Kara S. McBride, MICHAEL W. THOM, ATTORNEY AT LAW, P.C., Bethany, Oklahoma, for Defendant/Appellant/Counter-Appellee.

ROBERT D. BELL, CHIEF JUDGE:

¶1 In this action for breach of an oral agreement, fraud/misrepresentation, breach of fiduciary duty, unjust enrichment, accounting, and removal of trustee, Plaintiffs/Appellees/Counter-Appellants, Jody Rae Kirtley, Personal Representative of the Estate of J. Ross Kirtley, deceased; Debra J. Kirtley, an individual; and Cara Coy, Personal Representative of the Estate of Sheryl J. Coy, deceased, sued Defendant/Appellant/Counter-Appellee, Patsy Kirtley, individually and as Successor Trustee of the Wendell J. Kirtley Revocable Trust dated May 30, 2006, as Amended; as Trustee of the Patsy Ruth Kirtley Revocable Trust dated May 30, 2006, as Amended, and the Patsy Kirtley 2016 Trust dated June 2, 2016, as Restated. Patsy and Wendell were married until Wendell's death August 5, 2015. They had no children together. At Wendell's death, he had three living adult children. All three of Wendell's children were the original Plaintiffs. Two of Wendell's children died during this proceeding. Patsy has one adult child who is not a party to this action. In 2015, Patsy and Wendell amended their revocable trusts to equally benefit their respective adult children upon both settlors' deaths. After Wendell's death, Patsy partially distributed Wendell's trust assets to herself and the children. In 2016, Patsy revoked her amended trust and disinherited Plaintiffs. Patsy's 2016 trust gifted her trust property to her son and granddaughter. Plaintiffs learned about the revocation and filed a petition which sought to enforce an alleged oral agreement between Patsy and Wendell made before the execution of the 2015 trust amendments. Plaintiffs claimed Patsy orally agreed not to change her trust after Wendell's death and to direct her trustee, at her death, to give an equal share of the Kirtley property to each of the couple's children. After a bench trial, the trial court held Wendell gifted valuable income producing property to Patsy; the oral agreement was unenforceable under the statute of frauds; Plaintiffs did not clearly and convincing establish an exception to the statute of frauds or the elements of fraud; and Plaintiffs failed to establish Patsy breached her fiduciary duty as trustee of Wendell's trust. The court found the terms of the trusts remained in full force and effect and denied the remainder of Plaintiffs' causes of actions and Patsy's counterclaims. Patsy applied for attorney fees pursuant to 60 O.S. 2021 §175.57

¶2 In 2006, Wendell and Patsy, husband and wife, created separate revocable trusts and funded each trust with real and personal property acquired by the parties during their lengthy marriage

¶3 Following Wendell's death, Patsy partially distributed Wendell's trust property to herself and Plaintiffs. Wendell's trust gifted the P&K property to Patsy's trust, the Blaine County farm to Plaintiffs, and the four (4) undivided farm interests to the three Plaintiffs and Patsy's son. Wendell's trust also provided each child was to receive a cash gift to equalize the difference in value between the farms they received. According to Patsy, Wendell's trust did not have enough money to make the cash distributions. Patsy testified she used her own funds, which were not part of Wendell's trust, to satisfy the cash gifts. Patsy and Plaintiffs executed a Trustee-Beneficiary Agreement detailing said partial distributions and the parties' agreement to same. This agreement provided at paragraph 6:

Said beneficiaries do acknowledge that upon the distribution of the assets listed above, or the proceeds therefrom, as herein provided, the Successor Trustee, Patsy Ruth Kirtley, shall have performed all of the duties in accordance with the terms of the Trust...the Beneficiaries discharge [Patsy] of and from any and all further liability, duty and responsibility, and each of the parties hereto agree that the Trust shall have been performed. The undersigned Beneficiaries do hereby release, indemnify, and hold [Patsy] harmless...."

¶4 In 2016, Patsy revoked her 2015 amended trust and created a new trust wherein she removed Plaintiffs as beneficiaries of her trust. Following the discovery of Patsy's amended trust, Plaintiffs filed the instant action against Patsy asserting breach of contract (oral agreement), tortious breach of contract, fraud/misrepresentation, breach of fiduciary duty, unjust enrichment, accounting, and removal of trustee. Plaintiffs' claims were dependent upon the enforcement of the oral agreement whereby Patsy allegedly agreed not to change her trust after Wendell's death and to direct her trustee, at her death, to give an equal share of the Kirtley property to each of the couple's children. In effect, Plaintiffs' lawsuit requested the trial court to hold that Patsy orally agreed to convert her revocable trust into an irrevocable trust upon Wendell's death so that Patsy could not disinherit Plaintiffs.

¶5 Patsy asserted a counterclaim seeking to enforce the In Terrorem clause (no-contest clause) in Wendell's trust. Wendell's trust at Article XVIII, labeled "Contests," provided:

If any person, beneficiary, parent or guardian of a beneficiary under this Trust in any manner, directly or indirectly, contests or attacks this Trust or any of its provisions, any share or interest in the Trust established by this instrument given to that contesting person, beneficiary, parent or guardian of a beneficiary, of the children of such person under this instrument is revoked and shall be disposed of in the same manner provided herein as if that person had predeceased the Trustor without issue.

Patsy asserted Plaintiffs' lawsuit violated the no-contest clause because it challenged Wendell's estate plan and sought to rescind Wendell's outright gift of the P&K property to Patsy's trust.

¶6 Patsy and Plaintiffs filed a demand for jury trial. The trial court found the gravamen of Plaintiffs' action was equitable in nature and denied the parties' requests for jury trial.

¶7 Patsy moved for summary judgment alleging she was entitled to judgment as a matter of law on Plaintiffs' claims. She contended the oral agreement was unenforceable because it pertained to real property; it violated the statute of frauds; and there was no consideration given for such agreement. The trial court granted Patsy's motion for summary judgment. Plaintiffs appealed that judgment in Appellate Case No. 118,655. Division IV of the Court of Civil Appeals (COCA) reversed and remanded the summary judgment finding material facts remained in dispute. 

¶8 The merits trial was conducted on February 1 and 2, 2023. The estate-planning attorney, Mecklenburg, testified Patsy confirmed the oral agreement - that she would not change her 2015 amended trust - in front of Wendell and Mecklenburg. Mecklenburg testified he counseled Wendell and Patsy about the ways to draft trust agreements to prevent the surviving spouse from disinheriting the children of the first spouse to die. Mecklenburg stated Wendell was adamant that he did not need to employ any of those methods because Wendell and Patsy had their agreement. Mecklenburg testified Wendell's written note directed Mecklenburg to draft his trust in such a manner that Wendell's trust distributed the P&K property to Patsy to "do with as she sees fit." Mecklenburg stated Wendell gave her this asset because he "wanted her to have plenty of assets to - for her support," and, "with the idea that she could do with it what she wanted to in regards to her support." Mecklenburg also confirmed Wendell placed no restrictions on what Patsy "can or cannot do with the P&K property."

¶9 Patsy testified she did not remember agreeing to treat her revocable trust as an irrevocable trust upon Wendell's death. Patsy testified she understood Wendell's plan for distribution of the Kirtley property, but stated Wendell never discussed the plan with her because "[i]t was all between Wendell and Mr. Macklenburg." Patsy also stated she did not object when Wendell told Macklenburg about the plan. Patsy testified she employed a new attorney in 2016 and created a new trust which disinherited Wendell's children.

¶10 Wendell's children testified they met with Wendell and Patsy before the couple amended the 2015 trusts. They discussed the disposition of Wendell's and Patsy's combined property, gifts of certain farms, and gifts of cash to equalize the farm gifts. Plaintiffs testified Wendell told them he was gifting the P&K farm to Patsy's trust for her to sell if she required nursing home care or assisted living and for income. Another witness confirmed Patsy told Wendell, while he was hospitalized, that she would not change her trust.

¶11 At the conclusion of trial, the trial court permitted post-trial briefing and subsequently entered its judgment in favor of Patsy on all of Plaintiffs' claims. The court journal entry found Wendell gifted the P&K property to Patsy; the trusts were revocable; the oral agreement violates the statute of frauds; Plaintiffs failed to satisfy their evidentiary burden to establish an exception to the statute of frauds or to prove fraud; and the trust terms are valid and remain in full force and effect. Because Plaintiffs could not establish the existence of an enforceable oral agreement, the court found Plaintiffs could not succeed on their breach of contract and tortious breach of contract actions. The trial court also found Plaintiffs failed to meet their burden of showing Patsy breached her fiduciary duties to Plaintiffs. The trial court denied the remainder of Plaintiffs' claims and held Patsy's counterclaims were moot. The trial court reserved the consideration of Patsy's application for enforcement of the In Terrorem clause in Wendell's Trust and her request for attorney's fees for a later ruling.

¶12 Patsy timely filed her application for attorney's fees pursuant to 60 O.S. 2021 §175.57

¶13 Patsy appeals from the trial court's orders denying her request for attorney fees and denying her request for declaratory enforcement of the no-contest clause. Murano v. Jacobs, 2016 OK CIV APP 50377 P.3d 1258Id. Because we agree the underlying judicial proceeding is equitable, we reject Plaintiffs' assertion that the trial court erred when it denied the parties' request for a jury trial. This order is affirmed.

¶14 For her first assignment of error, Patsy contends the trial court erred when it denied her application for attorney fees pursuant 60 O.S. 2021 §175.57

In a judicial proceeding involving a trust, the court may in its discretion, as justice and equity may require, award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust which is the subject of the controversy.

The "general criteria" necessary to establish "justice and equity," includes:

(a) reasonableness of the parties' claims, contentions, or defenses; (b) unnecessarily prolonging litigation; (c) relative ability to bear the financial burden; (d) result obtained by the litigation and prevailing party concepts; and (e) whether a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons in the bringing or conduct of the litigation.

Atwood v. Atwood, 2001 OK CIV APP 4825 P.3d 936Atwood at ¶55. Section 175.57(D) applies to judicial proceedings involving a trust whether beneficiaries sought relief for breach of trust. Margaret Blair Trust v. Blair, 2016 OK CIV APP 47378 P.3d 65

¶15 Patsy argues the court should have awarded her attorney fees due to the length and complexity of the more than five (5) year litigation in which she is the prevailing party. Patsy also claims Plaintiffs unreasonably sought to alter Wendell and Patsy's estate plan for Plaintiffs' own benefit without legal or evidentiary support. Patsy submits Plaintiffs are better able to bear the financial burden because Wendell's trust has no money to pay attorney fees and she should not have to use her own funds to defend herself against actions targeting her estate plan.

¶16 Plaintiffs counter the trial court correctly found justice and equity did not merit the award of attorney fees and costs. Plaintiffs claim they had good cause to bring the action based on the evidence of the oral agreement and the appellate court's reversal of the summary judgment. Even though the litigation was pending for several years, Plaintiffs assert discovery, the successful appeal from the summary judgment, Patsy's petition for rehearing, the COVID-19 pandemic, and the death of two of the original Plaintiffs added to the delay. Plaintiffs also claim Patsy can bear the financial burden of her own fees and costs, particularly since she received the bulk of Wendell's and her property. 

¶17 After reviewing the record, we cannot find the trial court erred when it denied Patsy's application for attorney fees and costs. Even though the trial court did not state its reasons for denying the fee request, we find the trial court did not abuse its discretion by implicitly concluding justice and equity do not require the assessment of attorney fees and costs against Plaintiffs. Mecklenburg's and Plaintiffs' testimony, Wendell's verbal discussions with his children, and the reversal of the summary judgment could lead reasonable persons to believe, in good faith, that they had a possible cause of action to enforce an oral agreement respecting their beneficiary rights under their father's and stepmother's trusts. We therefore affirm the trial court's order denying such fees and costs.

¶18 For her second assignment of error, Patsy contends the trial court erred when it denied her request for declaratory relief to enforce the no-contest clause against Plaintiffs. No-contest clauses or In Terrorem provisions are "favored by public policy." Matter of Estate of Westfahl, 1983 OK 119674 P.2d 21Id. at ¶5. No-contest clauses "protect estates from costly, time consuming and vexatious litigation; and serve to minimize family bickering concerning the competence and capacity of the testator, as well as the amounts bequeathed." Id. at ¶4. No-contest clauses are strictly construed; thus, courts routinely enforce them only "[w]here the acts of the parties fall strictly within the express terms of the punitive clause." Id.

¶19 The trial court's order denied Patsy's application to enforce the no-contest clause for the following reason: "The litigation over the 'oral agreement' is not a violation of the In Terrorem Clause of Wendel {sic} Kirtley's Trust." Patsy argues the trial court erred because Plaintiffs were attempting to recover trust property gifted by Wendell's trust to Patsy. We agree Plaintiffs' lawsuit depended entirely upon Plaintiffs successful establishment of an enforceable oral agreement outside of the trusts; thus the facts clearly support the trial court's determination that the In Terrorem Clause was not violated. The trial court's order denying Patsy's request for a declaratory judgment enforcing the In Terrorem clause is affirmed.

¶20 On counter-appeal, Plaintiffs contend the trial court erred when it granted judgment to Patsy because they presented sufficient evidence to support "the terms and character" of a valid oral agreement. As support, Plaintiffs point out Wendell expressed his intent to establish an estate plan that equally benefited all the children; Patsy voiced no objection to the plan; and Patsy verbally affirmed she would not change her trust. While this was some evidence of oral discussions regarding the couple's estate plan, the trial court ultimately found:

Prior to execution of the July 17, 2015 amendments, various oral discussions occurred between Wendell J. Kirtley and Patsy Kirtley regarding distribution of their property.

Wendell J. Kirtley and Patsy Kirtley were provided legal advice from counsel that the July 17, 2015 amendments were revocable and that other steps could be taken if they wanted the trust to be irrevocable.

Prior to executing the July 17, 2015 Trust amendments both Wendell J. Kirtley and Patsy Kirtley were fully aware that the trusts were revocable and could be amended or terminated at any time.

Prior to execution of the trust amendments, the attorney for the Wendell J. Kirtley and Patsy Kirtley was provided a hand written note from Wendell J. Kirtley that the "P&K" property was to go to Patsy Kirtley to use as she sees fit.

The written evidence shows the "P&K"' property was to go to Patsy Kirtley as a gift.

Counsel for Wendell J. Kirtley and Patsy Kirtley was directly instructed not to prepare irrevocable trusts by the Kirtleys.

Based on these findings, the trial court determined Plaintiffs failed to clearly and convincingly establish the terms and character of an alleged oral understanding that would alter the terms of the couple's trusts.

¶21 Plaintiffs contend the trial court relied too heavily upon Wendell's handwritten note to Mecklenburg regarding the P&K property. They maintain Mecklenburg understood this note to mean Patsy could use the property for her legitimate needs during her lifetime, but Patsy would not change her 2015 estate plan. This argument does not support reversal of the trial court's findings of a gift or its finding that Plaintiffs failed to evince an oral agreement.

¶22 Notwithstanding his prior discussions with his children and estate planning counsel, the weight of the evidence showed Wendell changed his mind about the disposition of the P&K property, which was Wendell's prerogative, and ultimately decided to give this property to his wife, outright and without any restriction. Wendell also rejected his estate planning counsel's advice and insisted on signing revocable trusts. We therefore affirm the trial court's determination that Plaintiffs failed to establish the terms and character of an oral agreement with cogent, clear, and forcible evidence.

¶23 The trial court also addressed its reasons for finding an oral agreement, if any existed, was unenforceable. Because the oral agreement was made before Wendell and Patsy signed their 2015 amendments, the court held the oral agreement violated the statute of frauds and Plaintiffs did not meet their burden of showing the elements of the "fraud" exception thereto with clear and convincing evidence.

¶24 Title 15 O.S. 2021 §136B. F. C. Morris Co. v. Mason, 1934 OK 62139 P.2d 1

1) a false material misrepresentation, 2) made as a positive assertion which is either known to be false or is made recklessly without knowledge of the truth, 3) with the intention that it be acted upon, and 4) which is relied on by the other party to his (or her) own detriment.

Bowman v. Presley, 2009 OK 48212 P.3d 1210Id.

¶25 We agree Plaintiffs' evidence failed to meet the evidentiary burden for the fraud exception to the statute of frauds. The evidence at trial demonstrated Wendell contradicted his own assurances to his children that the couple's estate plan could not be changed when he deliberately executed a revocable trust. Wendell also negated his statement that Patsy would only retain the P&K property for limited financial needs once he gave Patsy the P&K property with no restriction. The evidence also showed Patsy's trust was revocable and subject to change until her death. Based on these facts, Plaintiffs cannot establish, with clear and convincing evidence, that Patsy (or Wendell) made false misrepresentations about Plaintiffs' rights to inherit with the intention that Plaintiffs act upon this misrepresentation to their detriment.

¶26 Undoubtedly Plaintiffs believed their inheritance rights were wrongfully thwarted by Patsy's revocation of her 2015 trust. However, "Oklahoma has never recognized wrongful interference with inheritance as a cognizable tort. . . ." Miller v. Johnson, 2013 OK CIV APP 59307 P.3d 387

¶27 AFFIRMED.

DOWNING, P.J., and MITCHELL, J., concur.

FOOTNOTES

Paull v. Earlywine, 1945 OK 186159 P.2d 556Paull recognized: "[m]ere concurrent execution of mutual wills with full knowledge of their contents by both testators is not enough to prove a legal obligation to forbear revocation in the absence of a valid contract." Id. at ¶12. "To establish oral contract between two persons to make reciprocal wills, after death of one, requires unambiguous, clear, and convincing evidence." Id. at ¶14. Paull reiterated "[w]ills being separate and independent, and not being made by virtue of any contract or agreement, the makers could change or revoke them at pleasure without in any manner affecting the wills of the others, . . ." Id. at ¶15. Of note, Paull ultimately held the plaintiff could not meet the heightened evidentiary burden, stating: "[t]here is no evidence in the instruments themselves or the testimony and surrounding circumstances that either party was not left free to revoke his separate will at pleasure." Id. at ¶19.

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105